**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

IRIS COLLETTE JACKSON,

  Defendant-Appellant.

No. 98-6487

---

**ON REMAND FROM THE UNITED STATES SUPREME COURT**
**(U.S. No. 00-5738)**

---

Before **BRORBY, McKAY**, and **BALDOCK**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

  This case is before us on remand for further consideration in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Jackson v. United States*, ___ U.S. ___, 121 S. Ct. 621 (2000). At our request, the parties submitted supplemental briefs addressing the *Apprendi* decision as applied to the facts of this case.[1] Having considered these briefs and all

---

  [1] The United States' unopposed Motion to File a Corrected Supplemental Brief is granted.

applicable law, we conclude the district court erred by imposing a term of imprisonment appropriate for offenses involving at least fifty grams of cocaine base, even though Ms. Jackson had been indicted and convicted for committing distinct offenses involving an unspecified quantity of cocaine base. We therefore remand for re-sentencing.

DISCUSSION

Ms. Jackson was charged by a multi-count indictment with, *inter alia*, distribution of cocaine base and possession with intent to distribute cocaine base, all pursuant to 21 U.S.C. § 841(a)(1). The indictment clearly identified the controlled substance at issue as "cocaine base (crack)," but did not specify the amount of cocaine base involved in any count. The jury found Ms. Jackson guilty on all counts of distribution of cocaine base and possession with intent to distribute cocaine base. The district court sentenced Ms. Jackson to 360 months imprisonment on those counts, pursuant to 21 U.S.C. § 841(b)(1)(A).

We note Ms. Jackson's trial and the disposition of her direct appeal preceded the United States Supreme Court's *Apprendi* decision.[2] Not

---

[2] Because the Supreme Court remanded this case only for further consideration in light of *Apprendi*, the panel's decision on all other issues raised on direct appeal but not impacted by *Apprendi* stands and is incorporated herein.

surprisingly, then, Ms. Jackson did not raise a specific *Apprendi* objection to the indictment at trial or during sentencing. She did, however, move the trial court for a special verdict form seeking jury findings as to drug type and quantity. Ms. Jackson also objected to the pre-sentence report with regard to drug amounts and her alleged leadership role. On appeal, Ms. Jackson asserted the trial court erred by rejecting her proposed jury instructions and special verdict form requiring the jury to determine the type and quantity of controlled substance attributable to her, and by overruling her objections to the pre-sentence report. After we rejected those arguments, Ms. Jackson filed a petition for certiorari to the United States Supreme Court, citing *Apprendi* for the proposition this court erred in declining to require a jury finding on the quantity of crack cocaine that Ms. Jackson distributed and possessed with intent to distribute. In her supplemental brief to this court on remand, Ms. Jackson further complains "in all the counts listed in the indictment ... there are no drug amounts alleged, thereby making the defense of the indictment the same as trying to defend a moving target."

We review de novo the legal question of whether Ms. Jackson's sentence violates *Apprendi*. *See United States v. Thompson*, 237 F.3d 1258, 1261 (10th Cir. 2001); *see also United States v. Jones*, 235 F.3d 1231, 1235 (10th Cir. 2000).

Sufficiency of the Indictment Post-*Apprendi*

      *Apprendi* enunciated the following rule of constitutional law: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. Applying that rule in *Jones*,[3] we unequivocally held:

> the quantity of drugs involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B). A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. § 841(b)(1)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt.

235 F.3d at 1236. In other words, after *Apprendi,* a trial court may not utilize §§ 841(b)(1)(A) and 841(b)(1)(B) for sentencing without the drug quantity being charged in the indictment. Instead, the defendant may be sentenced only under § 841(b)(1)(C), which defines penalties for offenses involving cocaine base without reference to drug quantity, and limits the sentence to not more than

---

[3] In *Jones*, we held *Apprendi*, which involved the constitutionality of a state statute under the Fourteenth Amendment's Due Process Clause, applies equally to criminal proceedings in federal court. *See Jones*, 235 F.3d at 1235 (citing *United States v. Gaudin*, 515 U.S. 506, 510 (1995)). Moreover, as "'a new rule for the conduct of criminal prosecutions,'" *Apprendi* "'is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final.'" *Id*. (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). The applicability of *Apprendi* to Ms. Jackson's case therefore is not in dispute.

twenty years for defendants who have not previously been convicted of a felony drug offense, and thirty years if the defendant has a prior felony drug conviction.[4]

The government concedes Ms. Jackson's indictment failed to allege the quantity of cocaine base supporting any of the § 841(a) distribution/possession counts, and therefore her sentence pursuant to 21 U.S.C. § 841(b)(1)(A) is in error. Because Ms. Jackson had no prior felony drug conviction, the maximum sentence she could receive under § 841(b)(1)(C) for distribution and possession

---

[4] As described in *Jones*, 21 U.S.C. § 841 is:

the primary federal statute concerning the criminal use of controlled substances. Subsection (a), entitled "Unlawful acts," makes it "unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a), (a)(1). Subsection (b) establishes the penalties for violations of § 841(a). *See* 21 U.S.C. § 841(b).... [Section] 841(b)(1)(C) states that "[i]n the case of a controlled substance in schedule I or II, ... except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years." Subparagraphs (A) and (B) provide for enhanced sentences based on the quantity of controlled substance involved in the violation. For cocaine base, a Schedule II controlled substance, these subparagraphs prescribe a minimum of ten years and a maximum of life for fifty grams or more and a minimum of five years and a maximum of forty years for five grams or more, respectively. *See* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

235 F.3d at 1235-36.

with intent to distribute an unspecified quantity of crack cocaine is twenty years. She was sentenced to thirty years.

The government proceeds, however, to argue this error is reviewable under the plain error standard, see Fed. R. Crim. P. 52(b), or alternatively, for harmless error. According to the government, Ms. Jackson's *Apprendi* claim fails under either standard. We must reject the government's argument. The error in Ms. Jackson's case, as in *Jones*, is best characterized as sentencing in excess of the statutory maximum penalty applicable to the offense of conviction. *Jones*, 235 F.3d at 1238. As noted in *Jones*, "such unauthorized sentences warrant reversal." *Id*. As we find no reasoned distinction between the sentencing error in these two cases, *Jones* controls, and we must reverse and remand for re-sentencing. *See United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) ("The precedent of prior panels which this court must follow includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law.")

Jury Determination of Drug Type and Quantity

Ms. Jackson further argues *Apprendi* requires a new trial or remand for re-sentencing because the district court refused her proposed jury instruction and

special verdict form relating to drug type and quantity. This argument is without merit. Ms. Jackson stipulated to a quantity of cocaine base at trial (24.36 grams) sufficient to support a sentence of up to forty years under 21 U.S.C. § 841(b)(1)(B);[5] therefore, drug type and quantity were no longer facts required to be determined by the jury. *See e.g. United States v. Poulack*, 236 F.3d 932, 938 (8th Cir. Jan. 9, 2001); *In re Green*, 2000 WL 1683480, *1 (D.C. Cir. Oct. 19, 2000). Having been read the stipulation, which attributed 24.36 grams of cocaine base to Ms. Jackson, no reasonable jury could have rationally concluded Ms. Jackson was guilty of the charged offenses – possession, with intent to distribute cocaine base – but that the amount of cocaine possessed was less than five grams. *See United States v. Champion*, 234 F.3d 106, 110 (2d Cir. 2000); *United States v. Nealy*, 232 F.3d 825, 829-30 (11th Cir. 2000). Moreover, because the jury was instructed it could accept the stipulated evidence without further proof, any error for failure to otherwise instruct the jury as Ms. Jackson requested was harmless.

Constitutionality of USSG 3B1.1(a) and the United States Sentencing Guidelines

---

[5] Ms. Jackson stipulated the proposed testimony of government witnesses would establish that certain government exhibits admitted at trial contained cocaine base, and that the witnesses would testify as to a precise weight for each exhibit, the aggregate weight of which totaled 24.36 grams. The trial testimony of other witnesses attributed the cocaine base in those exhibits directly to Ms. Jackson or to her co-defendant/co-conspirator Dwight Jackson.

Post-*Apprendi*

Citing Justice O'Connor's dissent, Ms. Jackson argues *Apprendi* overrules the Federal Sentencing Guidelines, including, specifically, those "portions of the Sentencing Guidelines that allow a four level increase for being a leader or organizer." This argument, too, lacks merit. A dissenting opinion obviously does not constitute binding precedent. More important, the Supreme Court majority "specifically avoided disrupting the use or adequacy of the Sentencing Guidelines" by affirmatively stating in *Apprendi* "'[t]he Guidelines are, of course, not before the Court. We therefore express no view on the subject beyond what this Court has already held.'" *United States v. Heckard*, ___ F.3d ___, 2001 WL 15532, *11 (10th Cir. Jan. 8, 2001) (quoting *Apprendi,* 120 S. Ct. at 2366 n.21). *See also Nealy*, 232 F.3d at 829 n.3 ("The Sentencing Guidelines are not subject to the *Apprendi* rule."); *Talbott v. Indiana*, 226 F.3d 866, 869-70 (7th Cir. 2000) (*Apprendi* has nothing to do with the Sentencing Guidelines).

For the reasons stated, this case is **REMANDED** to the district court for sentencing within the statutory range for the offenses of which Ms. Jackson was convicted. The mandate shall issue forthwith.