**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLAYTON E. NICKENS, JR.,

    Defendant - Appellant.

No. 00-3303
(D.C. No. 00-20015-01-GTV)
(D. Kansas.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HOLLOWAY**, and **LUCERO**, Circuit Judges.

Defendant Clayton Nickens pleaded guilty to one count of possession of a

firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

His sentence of fifty-seven months imprisonment was based in part on a two-level

enhancement because the firearm he possessed was stolen. See U.S.S.G.

§ 2K2.1(b)(4). For the first time on appeal, defendant challenges that

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. This Court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

enhancement, arguing the increase in his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).

The presentence investigation report ("PSR") recommended a two-level increase in defendant's base offense level pursuant to U.S.S.G. § 2K2.1(b)(4) because the firearm involved in his offense was stolen. Although Nickens objected to the PSR on the separate ground that he should have been granted a downward departure, he did not object at the district court level to the two-level enhancement under § 2K2.1(b)(4). The government therefore asserts, and defendant concedes, that we may review his sentence for plain error only. Fed. R. Crim. P. 52(b). Our standard of review of the district court proceedings is irrelevant, however, because defendant has not alleged a cognizable Apprendi violation.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Defendant's sentence of fifty-seven months was below the ten-year statutory maximum provided for by 18 U.S.C. § 924(a)(2). Because Apprendi's holding applies only to facts that result in a sentence in excess of the statutory maximum for the charged offense, defendant's sentence can not have been unconstitutional under Apprendi. 530 U.S. at 490.

That conclusion is dictated by our recent decisions rejecting arguments similar to defendant's. In a recent case, a defendant argued that the district court erred when it calculated his sentence using drug transactions of which he was not convicted. United States v. Hishaw, 235 F.3d 565, 573–74 (10th Cir. 2000), petition for cert. filed (U.S. Apr. 24, 2001) (No. 00-9743). Rejecting his claim, we held that only facts that increase the penalty to which a defendant is exposed beyond the statutory maximum must be pleaded and proved beyond a reasonable doubt. Id. at 577. Where the sentencing court "relied on conduct outside the offense of conviction to determine [defendant's] sentence but nevertheless imposed a sentence within the statutory maximum[,] . . . [t]hat practice is authorized by established precedent and not forbidden by Apprendi." Id. (citations omitted).

In United States v. Sullivan, we agreed with those circuits holding that "Apprendi does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum." 242 F.3d 1248, 1256–57 (10th Cir. 2001) (citing cases). Similarly, in United States v. Jackson, we rejected the contention that Apprendi overrules any portion of the Sentencing Guidelines. 240 F.3d 1245, 1249 (10th Cir. 2001), petition for cert. filed (U.S. May 25, 2001) (No. 00-10251).

Notwithstanding defendant's contention that "the reach of <u>Apprendi</u> is greater than is given in <u>United States v. Hishaw</u>" (Appellant's Br. at 9), we are bound by prior holdings of panels of this Court, <u>In re Smith</u>, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

Defendant has appealed in part to preserve his argument in the event the Supreme Court extends <u>Apprendi</u> to cover sentence enhancements within the statutory range. With the recognition that he has done so, we **AFFIRM** defendant's sentence.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge