**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LARRY WILLIAM MESE,

    Defendant - Appellant.

No. 01-8034

(D.C. No. 00-CR-175-2-J)

(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE** and **BALDOCK**, Circuit Judges, and **ALLEY**, District Judge.[**]

A jury convicted Defendant Larry William Mese of conspiracy to distribute over 50 grams of a substance containing methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B). By special verdict, the jury found Defendant conspired to distribute over 50 grams. At sentencing, the district court determined by a preponderance of the evidence that Defendant conspired to distribute between 350 and 500 grams,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation.

resulting in a sentencing guideline base offense level of 30. The court determined Defendant possessed a dangerous weapon (a 9mm semi-automatic pistol), and assessed a two-level upward adjustment. The court also assessed a two-level upward adjustment for obstruction of justice after determining Defendant failed to voluntarily surrender the morning after his conviction. Defendant's criminal history placed him in category III, resulting in a sentencing guideline range of 188 to 235 months. The maximum sentence under 21 U.S.C. § 841(b)(1)(B) is 40 years. The court sentenced Defendant to 188 months, well below the statutory maximum, and at the bottom of the sentencing guideline range.

On appeal, Defendant seeks a reversal of his conviction, asserting (1) the district court erred in denying his motion to suppress fruits of a search of his residence; and (2) evidence was insufficient to support a conspiracy conviction under 21 U.S.C. § 846. Defendant also asserts that the statute under which he was sentenced, 21 U.S.C. § 841(b)(1)(B), and the United States Sentencing Guidelines are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He seeks a remand for resentencing based solely on facts found by the jury beyond a reasonable doubt. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

I.

In September 2000, an informant notified the Wyoming Division of Criminal Investigation (DCI) that he had purchased several quantities of methamphetamine from

2

Charles Harms, a co-defendant in this case. The informant agreed to cooperate with DCI agents and make a series of controlled purchases from Harms.

After a series of small purchases, Harms agreed to sell the informant an ounce of methamphetamine. Harms stated he would travel to Colorado to obtain the substance. DCI agents followed Harms to Greeley, Colorado, where they observed Harms meet briefly in a gas station parking lot with a man in a car registered to Defendant. After the meeting, Harms immediately returned to Wyoming and delivered methamphetamine to the informant. Subsequently, the informant placed a second one-ounce order with Harms. Harms again traveled to Colorado and met with Defendant, this time at a residence in Evans, Colorado. Later that day, after making several other stops, Harms delivered one ounce of methamphetamine to the informant.

After his arrest, Harms agreed to cooperate in DCI's investigation of Defendant. Harms informed agents that he had purchased methamphetamine from Defendant approximately once a week for the last six months and that Defendant typically "fronted" the substance, not requiring payment until Harms resold the substance in Wyoming. DCI agents instructed Harms to arrange to purchase two ounces of methamphetamine from Defendant. Harm placed a phone call to Defendant during which Defendant agreed to meet Harms at Defendant's residence in Fort Morgan, Colorado, and to front Harms two ounces of methamphetamine. DCI agents recorded the phone number and monitored the conversation. The following day, DEA agents working with Wyoming DCI arrested

3

Defendant in Fort Morgan, Colorado.

The subsequent investigation revealed Defendant owned the residence in Evans, Colorado where DCI agents had observed a meeting between Defendant and Harms. The investigation also revealed Defendant owned a residence in Fort Morgan, Colorado. Using phone and utility records, law enforcement officers applied for and received a federal search warrant for the residence located at 16112 Morgan County Road 19, Fort Morgan, Colorado.[1] Upon reaching this address, the agents met Defendant's mother who advised the agents that her son lived in the adjoining house on her property, 16104 Morgan County Road 19. Defendant's mother also told agents Defendant shared the portable cordless phone registered under her name. Defendant's mother consented to a search of her residence. The search did not reveal any evidence of narcotics.

While agents performed the consent search of Defendant's mother's residence, local officers prepared an affidavit for a second search warrant based on the information obtained from Defendant's mother. The second affidavit incorporated the affidavit submitted with the initial application. The officers presented both affidavits with the warrant application, but did not reveal that agents were currently conducting a consent

---

[1] The affidavit accompanying the warrant application included (1) Harms' statements concerning Defendant's narcotics activities; (2) observations of law enforcement officers corroborating Harms' statements; (3) a description of the monitored phone conversation; (4) phone records indicating the phone number Harms dialed to contact Defendant was registered to L. A. Mese at 16112 Morgan County Road 19; (5) utility records for 16112 Morgan County Road 19 listing L. A. Mese as the subscriber.

4

search. The warrant also did not reveal that agents planned to seek consent from Defendant's common law wife to search his residence in Evans, Colorado. The judge issued a federal search warrant for the residence at 16104 Morgan County Road 19. The search of that residence uncovered two ounces of methamphetamine in a thermos, nine additional grams of methamphetamine, a small scale, drug ledgers, and $3,000.00 cash. The cash included $350.00 in marked bills, bills DCI provided the informant to purchase methamphetamine from Harms.

Defendant filed a pre-trial motion to suppress the physical evidence. The district court held an evidentiary hearing and found the affidavits provided sufficient probable cause for a search. The court also found officers did not intend to mislead the issuing judge by omitting evidence of the consent searches. Accordingly, the court denied Defendant's motion to suppress.

## II.

Defendant asserts the district court erred in denying his motion to suppress the physical evidence uncovered in the search of his Fort Morgan residence. Although the affidavits supporting the search warrant clearly established probable cause, Defendant asserts officers intentionally omitted material information which would have vitiated probable cause in violation of Franks v. Delaware, 438 U.S. 154, 155-56 (1978). When reviewing a district court's denial of a motion to suppress, this Court accepts the district court's factual findings unless they are clearly erroneous, viewing the evidence in the

5

light most favorable to the Government. United States v. Basham, 268 F.3d 1199, 1203 (10th Cir. 2001). We review de novo the legal question of whether a search violated Defendant's Fourth Amendment rights. Id.

To establish a Franks violation, Defendant must first establish by a preponderance of the evidence that officers omitted material information intentionally or with reckless disregard for the truth. United States v. Tisdale, 248 F.3d 964, 973 (10th Cir. 2001). If Defendant meets this burden, the court will examine the affidavit as if the omitted information had been included to determine whether the affidavit would still give rise to probable cause. Id. Probable cause exists when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place. Basham, 268 F.3d at 1203 (citing United States v. Wicks, 995 F.2d 964, 972-73 (10th Cir. 1993)).

Defendant asserts officers applying for the second search warrant intentionally failed to include in the affidavit information regarding the ongoing consent search of Defendant's mother's home in Fort Morgan, Colorado. Defendant also asserts officers intentionally failed to include information regarding their plan to seek consent to search Defendant's residence in Evans, Colorado. Defendant fails to meet his initial burden of showing the allegedly material omission was intentional or reckless. The affidavits submitted in support of the second search warrant clearly indicate officers had earlier requested and received a warrant for 16112 Morgan County Road 19. The affidavits also

6

clearly indicate officers had been in contact with Defendant's mother, the owner of that residence. Defendant's assertion that officers sought to hide this information is contrary to the evidence. The district court also found, after conducting an evidentiary hearing and listening to the officers' testimony, that the officers did not intend to mislead the issuing judge by omitting evidence of the consent searches. Given the evidence, we cannot say this finding was clearly erroneous.

In addition, Defendant fails to show how information regarding the concurrent searches would vitiate probable cause. The other searches had little bearing on the facts giving rise to probable cause to search Defendant's Fort Morgan residence. Even including the omitted information, the affidavit sets forth facts that would lead a prudent person to believe officers would discover narcotics at the Fort Morgan residence. Specifically, the affidavit included a transcript of the monitored telephone conversation in which Defendant agreed to meet Harms at his Fort Morgan residence and to sell Harms two ounces of methamphetamine. Accordingly, the district court did not err in denying Defendant's motion to suppress.

III.

Defendant also argues the evidence presented at trial was insufficient to support a finding that he conspired to distribute methamphetamine in violation of 21 U.S.C. § 846. We review sufficiency of evidence claims de novo. See United States v. Vallo, 238 F.3d 1242, 1246 (10th Cir. 2001). Evidence is sufficient to support a conviction if, viewing

the evidence in the light most favorable to the Government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id. at 1247. In reviewing the evidence, we do not weigh conflicting evidence or consider witness credibility, as that duty is delegated exclusively to the jury. United States v. Sanders, 240 F.3d 1279, 1281 (10th Cir. 2001). We resolve any conflicts in the evidence in favor of the Government. Id.

To obtain a conspiracy conviction, the Government must show (1) two or more persons agreed to violate the law; (2) the defendant knew the essential objectives of the conspiracy; (3) the defendant knowingly and voluntarily became a part of the conspiracy; and (4) the alleged coconspirators were interdependent. United States v. Dozal, 173 F.3d 787, 797 (10th Cir. 1999). The jury may infer an agreement from circumstantial evidence that indicates concerted action in furtherance of a common purpose. See id. The jury also may infer guilty knowledge from the surrounding circumstances, and presume that a defendant acting in furtherance of a conspiracy is a knowing participant therein. See id.

The jury in this case heard sufficient evidence to support its verdict. Harms testified he engaged in multiple drug transactions with Defendant over a six-month period. Harms also testified Defendant delivered large quantities of methamphetamine to Harms for resale, and testified Defendant knew the substance would be resold in Wyoming. The jury also heard evidence that Defendant fronted the drugs, not receiving payment until Harms resold the drugs in Wyoming. We have held fronting is a significant

8

factor in establishing Defendant's participation in a conspiracy to distribute. See United States v. Asch, 207 F.3d 1238, 1245 (10th Cir. 2000). Because Defendant fronted the drugs to Harms, Defendant's profit ultimately depended on Harms' ability to distribute drugs in Wyoming. Based upon the evidence presented at trial, a reasonable jury could conclude Defendant participated in a conspiracy to distribute methamphetamine. In sum, the Government introduced sufficient evidence to support Defendant's conviction.

IV.

Finally, Defendant asserts the statute under which he was sentenced, 21 U.S.C. § 841(b)(1)(B), and the United States Sentencing Guidelines violate the constitutional principles announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). Defendant did not raise these challenges before the district court. We therefore review these issues for plain error. Fed. R. Crim. P. 52(b). Under the plain error standard, Defendant must demonstrate the trial court erred, the error was plain, and the error affected his substantial rights. See United States v. Cernobyl, 255 F.3d 1215, 1218 (10th Cir. 2001) (citing United States v. Olano, 507 U.S. 725, 732 (1993)). This Court has discretion to remedy a plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings. Id. (quoting Olano, 507 U.S. at 732).

Defendant's sentence did not exceed the maximum penalty for the offense charged in the indictment and found by the jury. Defendant, however, asserts that he cannot be sentenced under § 841(b)(1)(B) because the statute is unconstitutional.

9

Defendant argues that 21 U.S.C. § 841(B)(1)(A) and (B) are facially unconstitutional because the provisions establish drug quantity as a sentencing factor to be found by a sentencing judge rather than a jury. Defendant correctly notes that Apprendi compels us to submit to a jury any question of fact that increases the maximum penalty to which the defendant is exposed. See Apprendi, 530 U.S. at 483. Defendant, however, misstates the statute's mandate. Although 18 U.S.C. § 841 establishes separate statutory provisions governing the substantive offense and sentencing factors, nothing in the statute purports to prescribe the process by which the elements of the offense and the sentencing factors must be determined. See Cernobyl, 255 F.3d at 1219. As we have previously held, after Apprendi drug quantities must be charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt to support a sentence enhancement under § 841(b)(1). Id. Nothing in Apprendi, however, compels us to conclude that 21 U.S.C. § 841 is facially unconstitutional. Id.

Defendant also asserts that the United States Sentencing Guidelines violate the constitutional principles announced in Apprendi by authorizing the sentencing court to make sentence-enhancing factual determinations by a preponderance of the evidence. This Court has expressly rejected Defendant's argument. See United States v. Jackson, 240 F.3d 1245, 1249 (10th Cir. 2001) (noting the Apprendi majority specifically avoided disrupting the federal courts' use of the sentencing guidelines). Even after Apprendi, district courts are empowered to make findings by a preponderance of the evidence to

10

determine an appropriate offense level under the Sentencing Guidelines. See Cernobyl, 255 F.3d at 1220; Jackson 240 F.3d at 1249; United States v. Heckard, 238 F.3d 1222, 1234-35 (10th Cir. 2001). As long as Defendant's sentence falls within the maximum penalty established by the statute, Apprendi does not foreclose consideration of drug quantities, or other factors, beyond the offense of conviction. See United States v. Hinshaw, 235 F.3d 565, 577 (10th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.


Entered for the Court,


Bobby R. Baldock
Circuit Judge