F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

WAYNE ANTHONY JONES,

  Defendant-Appellant.

No. 01-1143
(D.C. No. 00-CR-485-WM)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** and **BALDOCK,** Circuit Judges,  and **ALLEY**, Senior District Judge.**

---

  Wayne Jones appeals a sentence enhanced under 8 U.S.C. § 1326(b)(2) after he was convicted of illegal re-entry into the United States by a deported alien under 8 U.S.C. § 1326(a).  We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1921, and affirm.

---

*   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**   The Honorable Wayne E. Alley, Senior District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

The sole issue presented is whether the district court erred in applying the sentence enhancement provision of § 1326(b)(2) after finding appellant guilty of violating § 1326(a) only. [1] Appellant challenges the trial court's ruling that an alleged violation of § 1326(b)(2) in the indictment may be regarded as surplusage and withdrawn by the prosecution at trial, but may be used later at sentencing to determine the defendant's sentence. Our review of this legal ruling is *de novo*. *United States v. Jackson*, 240 F.3d 1245, 1247 (10th Cir. 2001). We conclude that the district judge was correct under existing precedent.

The Supreme Court held in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), that subsection (b) of the statute creates grounds for sentence enhancements and not separate offenses. Specifically, subsection (b)(2) is not an essential element of a crime under subsection (a) that must be proven beyond a reasonable doubt; it is merely a sentencing factor based on recidivism. *Id*. at 239. Recently, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court announced a rule that facts used to enhance the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. The Court expressly carved out an exception to this rule when the enhancement

---

[1] Subsection (a) of the statute makes it a felony punishable by a maximum prison sentence of two years for an alien to re-enter the United States after deportation without the consent of the Attorney General. Subsection (b)(2) authorizes a maximum prison sentence of twenty years if the deportation occurred after the alien was convicted of an aggravated felony.

factor is a prior conviction, based on its previous decision in *Almendarez-Torres* . *Apprendi* , 530 U.S. at 489-90. Accordingly, in *United States v. Martinez-Villalva* , 232 F.3d 1329, 1332 (10th Cir.2000), we found ourselves "bound by [*Almendarez-Torres* ] to hold that the fact of defendant's prior felony conviction is not an element of the offense [under § 1326(a)] with which he was charged by indictment, but is, instead, a sentencing factor." Again in *United States v. Dorris* , 236 F.3d 582, 587 (10th Cir.2000), *cert. denied* , 121 S. Ct. 1635 (2001), and *United States v. Wilson* , 244 F.3d 1208, 1216 (10th Cir. 2001), we rejected challenges to the continued validity of *Almendarez-Torres* .

Appellant, however, distinguishes *Almendarez-Torres, Martinez-Villalva* , and cases applying them because there a violation of § 1326(b)(2) was not charged in the indictment. Here, appellant was indicted both for violating 8 U.S.C. § 1326(a) and (b)(2), and allegations of a prior felony conviction were included in the indictment. The prosecutor also treated these allegations as an element of the offense in pretrial filings. Appellant waived a jury trial. Then at the bench trial, the government took the position that subsection (b)(2) allegations in the indictment were surplusage and relevant only to any sentence. The district court accepted the government's position and found appellant guilty of a § 1326(a) offense only. Then for sentencing, the district judge received evidence

of a prior aggravated felony, found proof of the § 1326(b) enhancement, and imposed a prison sentence of 77 months according to the Sentencing Guidelines.

Appellant argues that the government's decision to include § 1326(b)(2) allegations in the indictment only to withdraw them at trial is equivalent to an acquittal of the recidivist charge and prohibits its use at sentencing. He contends that no procedural rule permits a prosecutor to strike charges from a grand jury indictment. *Cf.* Fed. R. Crim. P. 7(d) (allowing surplusage to be stricken from an indictment on motion of the defendant). The government relies on *United States v. McVeigh*, 153 F.3d 1166, 1195-96 (10th Cir. 1998), to contend that surplusage in an indictment need not be proved. In reply, appellant argues that, unlike *McVeigh*, the prior aggravated felony language of the indictment was not surplusage and, once charged by the grand jury, had to be proven at trial or abandoned completely. Otherwise, he says, the prosecutor has abused the grand jury process.

We are unpersuaded by appellant's arguments, the last of which is unsupported by any citation of legal authority. *McVeigh* is controlling under the circumstances of this case. Questions were presented in *McVeigh* whether "intent to kill" was an element of the mass destruction crimes charged in the indictment and, if not, whether the government nevertheless was bound to prove this intent because it was charged in the indictment. We held that the statutory phrase "if

death results" was a sentencing factor rather than an element of the offense and that proof of an intent to kill was not required to prove a violation of the statute. We reasoned that evidence needed to trigger the death penalty did not have to be presented during the guilt phase of trial, and inclusion in the indictment of a level of intent beyond the elements of the crime was immaterial because it was mere surplusage. *McVeigh*, 153 F.3d at 1194-96. We relied on Supreme Court authority holding that it is not an unconstitutional amendment of an indictment "to drop from [it] those allegations that are unnecessary to an offense that is clearly contained within it." *United States v. Miller*, 471 U.S. 130, 144 (1985).

We thus find no error in the district court's ruling that the government was not required to prove a violation of § 1326(b) during the trial simply because it was alleged in the indictment, but that it could nevertheless be used later as a sentence enhancement.

The sentence imposed by the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Wayne E. Alley
Senior District Judge

-5-