**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT B. SULLIVAN,

Defendant - Appellant.

No. 03-1490
(D. Ct. No. 03-CR-210-MK)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **MURPHY** and **TYMKOVICH**, Circuit Judges.

---

On appeal, Defendant-Appellant Robert B. Sullivan alleges that the District Court committed reversible error by denying his motion for a mistrial. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

**I. BACKGROUND**

In November 2002, during a lawful search of the house where Mr. Sullivan

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

then resided, police found a semiautomatic pistol in a locked drawer of a file cabinet next to Mr. Sullivan's bed. When police discovered the locked cabinet, they asked for and obtained the key from Mr. Sullivan. Inside, they found the gun wedged between two hanging file folders. The file folders contained copies of Mr. Sullivan's resume and his probation papers, which revealed his status as a convicted felon. The police consequently arrested him for violating a state law prohibiting felons from possessing firearms. The government eventually charged Mr. Sullivan in federal court with violating 18 U.S.C. § 922(g), which prohibits the possession of a firearm by a person convicted of "a crime punishable by imprisonment for a term exceeding one year." *Id*. § 922(g)(1).

Mr. Sullivan stipulated before trial that the gun affected interstate commerce and that his prior conviction for arson satisfied the statute's prior-offense requirement. He therefore contested only one element of the offense at trial: he argued he did not possess the firearm    . Before voir dire, the District Court granted Mr. Sullivan's motion to exclude certain evidence, including his probation papers, which the court agreed were irrelevant and unduly prejudicial in light of the parties' stipulation to the prior felony.

At the beginning of trial, the District Court summarized the indictment and charges against Mr. Sullivan, omitting any reference to the name and nature of his previous conviction. The next day, however, the court read the entire indictment

to the jurors, including the name of Mr. Sullivan's prior felony, arson.  Shortly after the indictment was read, Mr. Sullivan moved for a mistrial, arguing that the purpose of the stipulation to the prior felony was to prevent the jury from hearing any specific reference to the prior conviction.    The District Court offered to give a curative jury instruction, which the defense refused.  Noting that neither party had asked the court to redact the indictment, the District Court denied Mr. Sullivan's mistrial motion.

## II.  DISCUSSION

### A.    *Standard of Review*

We review a district court's denial of a motion for a mistrial for abuse of discretion.  *United States v. Caballero*, 277 F.3d 1235, 1242 (10th Cir. 2002).  The decision to submit the indictment to the jury is also within the discretion of the district court.  *United States v. Klein*, 93 F.3d 698, 703 (10th Cir. 1996).  We will not reverse the District Court's ruling on the motion for a mistrial "absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment."  *United States v. Mitchell*, 113 F.3d 1528, 1531 (10th Cir. 1997) (quotation omitted).

Even if we determine that the District Court erred, we must also decide whether the error was harmless.  Fed. R. Crim. P. 52(a); *United States v. Wilson*, 107 F.3d 774, 785 (10th Cir. 1997).  When an error lacks a constitutional

dimension, as it does in this case, we will consider it harmless "unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect." *United States v. Wacker*, 72 F.3d 1453, 1473 (10th Cir. 1995) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). The government has the burden of persuasion in arguing the error was harmless. *See United States v. Vonn*, 535 U.S. 55, 68 (2002). With this burden in mind, we must "determine whether the evidence of [Mr. Sullivan's] prior conviction had a substantial influence on the jury's verdict in the context of the entire case against him." *Wilson*, 107 F.3d at 785-86 (quotation omitted); *see also United States v. Hasting*, 461 U.S. 499, 509 (1983) ("[T]he Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless . . . .").

B.     *Alleged District Court Error*

Mr. Sullivan argues that the District Court erred by not omitting the word "arson" when it read the indictment to the jury. He argues that, because the parties entered into a stipulation regarding his prior conviction, any reference to the name or nature of his prior felony was prejudicial and an abuse of discretion under *Old Chief v. United States*, 519 U.S. 172 (1997). Although he acknowledges that he did not move to exclude *all* references to arson, Mr. Sullivan argues that: (1) his motion in limine put the court on sufficient notice of

the parties' agreement to exclude all such references, and (2) the court's ruling to exclude the prior-conviction evidence in his probation papers demonstrates its understanding that such references would, in fact, be prejudicial.

In *Old Chief*, the Supreme Court held that a district court abuses its discretion when it rejects a defendant's offer to stipulate to a prior felony in satisfaction of the prior-conviction element of § 922(g)(1) and instead admits the full record of conviction "when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations." *Old Chief*, 519 U.S. at 174. Such considerations include "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged." *Id.* at 180. Although the Court did not specifically address references to the prior offense in the indictment, it did note that alternative means of proving the prior offense, such as a redacted record of conviction, will require "some discretion when the indictment is read." *Id.* at 191 n.10.

Although *Old Chief*'s rationale arguably applies to references in the indictment,[1] Mr. Sullivan clearly bears some responsibility for the court's reading

---

[1] *See United States v. Munoz*, 150 F.3d 401, 412 n.10 (5th Cir. 1998) (noting, without deciding whether the court committed error, that "*Old Chief's* rule can be implicated when the trial judge reads the indictment"); *United States v. Clay*, 346 F.3d 173, 177 (6th Cir. 2003) (concluding the district court erred, but that the error was harmless, when it read the entire indictment, including the prior conviction, to the jury); *Klein*, 93 F.3d at 703 ("When the court . . . fails to redact

(continued...)

in this case. If so desired, a defendant should specifically request that all references to the name and nature of the prior conviction be redacted from the indictment. *See United States v. Concepcion*, 983 F.2d 369, 393 (2d Cir. 1992) (concluding that the trial court's reference to the prior offense did not unduly prejudice the defendant in part because "the stipulation itself did not require that the reference to the prior felonies be redacted from the indictment" ). Instead, Mr. Sullivan never asked the court to redact the indictment and, in fact, only referred to the stipulation and its effect on the evidence in a last-minute motion. Given the late nature of the motion and its lack of specificity, the court understandably failed to redact the indictment on its own .

## C. *Harmlessness Analysis*

Nevertheless, we need not decide whether the District Court erred in this case because its reference was harmless in the context of the record before us. The government convincingly argues that the court's one-word reference to arson in the indictment did not have a substantial influence on the jury's verdict. With the exception of this brief reference, the jury heard no other evidence of or references to the name or nature of Mr. Sullivan's prior felony. In addition, the

---

[1](...continued)
references to prejudicial facts that are not in evidence, we believe the court may err by improperly placing before the jury extrinsic material the jury should not consider.").

court twice instructed the jury not to consider the indictment or the name of any felony conviction as evidence. We, of course, assume that jurors follow the court's instructions. *See, e.g.*, *United Sates v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998). Although a jury instruction certainly does not always cure the prejudicial effect, it mitigates potential prejudice in a case such as this, in which the jury heard a single, brief reference to the name of the prior conviction and the evidence of the defendant's guilt was substantial. *See, e.g.*, *United States v. Munoz*, 150 F.3d 401, 413 (5th Cir. 1998) (holding harmless the trial court's improper reference to the prior felony during voir dire in light of the absence of other references, the trial court's limiting instructions, and the evidence supporting conviction); *Klein*, 93 F.3d at 704 ("[A] proper covering instruction with respect to the indictment goes a long way toward curing any potential for prejudice created by giving the indictment to the jury . . . .").

In addition, after reviewing the record on appeal, we have no doubt that the substantial evidence against Mr. Sullivan rendered the District Court's reference harmless. Given the parties' stipulations, Mr. Sullivan only contested his possession of the gun at trial. Both constructive and actual possession of a gun satisfy 18 U.S.C. § 922(g). *United States v. Colonna*, 360 F.3d 1169, 1178 (10th Cir. 2004). "Generally, an individual has constructive possession over an object when he or she knowingly has ownership, dominion, or control over the object

and the premises where it is found." *Id.* at 1178-79.  In cases of joint occupancy, however, the government must also "show some connection or nexus between the defendant and the firearm or other contraband." *Id.* at 1179 (quotation omitted).

The government presented substantial evidence that Mr. Sullivan constructively possessed the gun.  In addition to testimony regarding Mr. Sullivan's own admissions of possession, the government introduced evidence that police found the gun in Mr. Sullivan's bedroom in a locked file cabinet for which Mr. Sullivan had a key and between file folders containing his personal papers.  We will not, of course, "weigh conflicting evidence or consider witness credibility, as these duties are delegated exclusively to the jury." *United States v. Evans*, 318 F.3d 1011, 1018 (10th Cir. 2003).  But having reviewed the record with this standard in mind, we do not hesitate to conclude the error was harmless. In light of the substantial evidence of guilt and the court's admonitions to the jury regarding the indictment, we conclude that the District Court's single mention of arson did not substantially influence the jury's verdict. *See Wilson*, 107 F.3d at 786 (holding the trial court's error harmless in light of substantial evidence of guilt).

### III.  CONCLUSION

Finding any error harmless, we AFFIRM the District Court's decision

denying Mr. Sullivan's motion for a mistrial.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge