**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LARRY MESE,

Defendant-Appellant.

No. 05-8021

(D.C. Nos. 03-CV-206-ABJ and 00-CR-175-02-ABJ)

(D. Wyoming)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se 28 U.S.C. § 2255 prisoner appeal. Defendant was convicted of conspiracy to distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. § 846. He appealed the legality of his sentence, alleging, *inter alia*, that it violated the principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirmed his conviction and sentence on March 5, 2002. *United States v. Mese*, 41 Fed. Appx. 152 (10th Cir. 2002).

Thereafter, Defendant filed a § 2255 motion with the district court alleging ineffective assistance of counsel because his attorney failed to advise Defendant to proceed to trial on stipulated facts and did not prepare him for a conviction. Before the district court ruled on the motion, Defendant sought permission to amend his motion in light of the then-recent Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which was denied. The district court noted, however, that "Mr. Mese will be able to seek certification to file a second motion under § 2255" if *Blakely* is given retroactive applicability. Rec., Vol. I, Tab 13, at 3. The district court ultimately denied Defendant's § 2255 motion.

The district court also denied Petitioner's request for a certificate of appealability. The issues Defendant now raises are the same as addressed by the district court.

He has renewed that request with this court. In order for us to grant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2003). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citation omitted).

We have carefully reviewed the briefs, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court's July 27, 2004, and January 18, 2005, orders, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner."[1] *Id.*

We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1]Our decision is reinforced by this circuit's opinion in *United States v. Price*, where we held that *Blakely* is not a watershed rule of law entitled to retroactive effect to initial § 2255 motions. 400 F.3d 844, 849 (10th Cir. 2005).