**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT B. SULLIVAN,

Defendant-Appellant.

No. 05-1220

(D. Colorado)

(D.C. Nos. 04-MK-2088 and 03-CR-210)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

Robert B. Sullivan, a federal prisoner proceeding pro se, seeks a Certificate of Appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We deny his request for a COA and dismiss this appeal.

**I. BACKGROUND**

In 2003, a jury convicted Mr. Sullivan of unlawful possession of a firearm. The Presentence Report (PSR) recommended a sentence range of 41-51 months' imprisonment, based in part on its characterization of Mr. Sullivan's prior conviction for arson as a crime of violence. Although Mr. Sullivan, with the assistance of counsel, filed some objections to the PSR, none of the objections related to the PSR's characterization of the prior conviction as a crime of

violence. The district court sentenced him to 51 months' imprisonment.

On direct appeal to this court, Mr. Sullivan did not raise arguments related to the calculation of his sentence, and argued only that the district court should have granted a mistrial. We affirmed the district court's decision in August 2004. *See United States v. Sullivan*, 108 F. App'x 579 (10th Cir. 2004) (unpublished).

On October 18, 2004, Mr. Sullivan filed a *pro se* § 2255 petition with the district court, arguing for the first time that his Sixth Amendment rights were violated because the Government did not prove to a jury beyond a reasonable doubt that his prior conviction was a crime of violence. In response, the Government argued that Mr. Sullivan should have raised this issue on direct appeal, and because he did not, he is barred from raising in collaterally.

While his § 2255 motion was pending, the Supreme Court on January 10, 2005 denied Mr. Sullivan's petition for certiorari with respect to his underlying conviction, thereby rendering his direct appeal final. On January 12, 2005, the Court decided *United States v. Booker*, 543 U.S. 220 (2005). A few weeks later, Mr. Sullivan addressed *Booker* in supplemental briefing and also contended that the reason he had not raised the Sixth Amendment issue on direct appeal was because his counsel was ineffective. The Government, in response, argued that the court should not give *Booker* retroactive effect.

On April 25, 2005, the district court denied Mr. Sullivan's petition. It held

(1) that defendant's ineffective assistance of counsel argument was without merit; and (2) that Mr. Sullivan should have raised the Sixth Amendment claim on direct appeal, and therefore procedurally defaulted on this claim. Furthermore, the district court construed Mr. Sullivan's supplemental briefing as requesting re-sentencing in light of *Booker*. As to that argument, the district court held that *Booker* applied only to cases where direct appeal was pending as of the time the opinion issued. Because Mr. Sullivan's direct appeal was no longer pending as of January 10, 2005, two days before the Court issued *Booker*, Mr. Sullivan was not entitled to re-sentencing. On appeal, Mr. Sullivan asks this court to grant him a COA on all issues the district court considered.

## II. DISCUSSION

We may grant a COA only if the prisoner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court relies on procedural grounds to dismiss a prisoner's habeas petition, as the district court did here, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not undertake a "full consideration of the factual or legal bases adduced in support of the claims," but

3

rather should conduct "an overview of the claims in the habeas petition and [make] a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As the district court recognized, "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Here, Mr. Sullivan contends that ineffective assistance of counsel justifies his failure to raise the Sixth Amendment argument on direct review. "If [Mr. Sullivan] can demonstrate that he received ineffective assistance of counsel, he will have established the requisite cause and prejudice to overcome application of the procedural bar." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004). Thus, in order for Mr. Sullivan to overcome the procedural bar to his case, he must show that, under *Strickland v. Washington*, 466 U.S. 668 (1984), his counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and "that the deficient performance prejudiced the defense," *id.* at 687.

For substantially the same reasons as contained in the district court's order, we agree that Mr. Sullivan has failed to make a showing on either of these prongs sufficient to overcome the procedural bar. At the time Mr. Sullivan was sentenced, the Supreme Court had not yet issued its opinion in either *Blakely v. Washington*, 542 U.S. 296 (2004) or *Booker*: it had, however, decided *Apprendi v.*

4

*New Jersey*, 530 U.S. 466 (2000). Nonetheless, this court's precedent clearly foreclosed the argument that counsel should have argued, under *Apprendi*, that application of the Sentencing Guidelines violated Mr. Sullivan's Sixth Amendment rights. *See United States v. Jackson*, 240 F.3d 1245, 1249 (10th Cir. 2001) ("The Sentencing Guidelines are not subject to the *Apprendi* rule . . . *Apprendi* has nothing to do with the Sentencing Guidelines." (internal quotation marks omitted) (overruled on other grounds by *United States v. Prentiss*, 256 F.3d 971, 981 (10th Cir. 2001) (en banc)). Even if Mr. Sullivan's counsel could have predicted an extension of *Apprendi*, the Supreme Court made clear that a court does not violate a defendant's Sixth Amendment rights by taking into account the fact that the defendant has prior convictions: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added).

Mr. Sullivan notes that the Supreme Court had granted certiorari in *Blakely* before he was sentenced, and that the parties had argued that case before the Supreme Court before his counsel filed his brief in his direct appeal before this court. Therefore, "[i]t was not too late to argue the Sixth Amendment issues in *Blakely* as plain error" on direct appeal. Aplt's Br. at 26. However, as the district court noted, "[t]he Sixth Amendment [right to counsel] does not require

counsel for a criminal to be clairvoyant" and predict what the Supreme Court is likely to decide. *Harms*, 371 F.3d at 1212. Furthermore, Mr. Sullivan cannot show that he was prejudiced by counsel's decision not to object to the characterization of his prior conviction as a crime of violence. After *Booker*, we have held that "whether the present offense and prior offenses constitute felonies that are crimes of violence or controlled substance offenses are questions of law unaffected by the Supreme Court's holding in *Booker*." *United States v. Small*, 423 F.3d 1164, 1188 (10th Cir. 2005).

For the reasons explained above, Mr. Sullivan's argument that he received ineffective assistance of counsel is without merit. Because Mr. Sullivan has failed to make a sufficient argument to overcome the procedural bar, no jurist of reason would find the district court's application of the procedural bar debatable. Therefore, we deny Mr. Sullivan's application for a COA on this issue.

Additionally, jurists of reason could not debate the district court's decision that *Booker* does not apply retroactively. Since the district court issued its decision denying Mr. Sullivan's habeas petition, this court has explicitly rejected a petitioner's attempt to argue for re-sentencing in habeas proceedings, and held that "Booker does not apply retroactively to initial habeas petitions." *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005). Therefore, Mr. Sullivan's re-sentencing "claim may not be brought in this initial habeas review

6

under 28 U.S.C. § 2255." *Id.* at 1188.

## III.  CONCLUSION

Accordingly, we deny Mr. Sullivan's application for a COA and dismiss his appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge

7