# United States Court of Appeals
## For the First Circuit

No. 00-1493

UNITED STATES OF AMERICA,

Appellee,

v.

OSCAR CABA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Selya, Lynch and Lipez,

Circuit Judges.

Brian M. Glover, by appointment of the court, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom
Margaret E. Curran, United States Attorney, and Kenneth P. Madden,
Assistant United States Attorney, were on brief, for appellee.

March 2, 2001

**SELYA, Circuit Judge.** On May 26, 1999, a federal grand jury sitting in the District of Rhode Island returned a six-count superseding indictment against defendant-appellant Oscar Caba and a codefendant, Manolo Vargas. Counts 1 and 2 charged the men with conspiring together and with others to distribute, and to possess with intent to distribute, heroin and cocaine in violation of 21 U.S.C. § 846. Count 3 charged the men with having distributed, on a date certain, 9.6 grams of heroin in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). The last three counts pertained to activities allegedly occurring on a single day (March 26, 1999): possessing 25.8 grams of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) (count 4); possessing 934 grams of cocaine (in powder form) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (count 5); and possessing 143.7 grams of cocaine base (crack cocaine) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) (count 6). The government timely filed an information memorializing the appellant's prior felony drug conviction, thereby putting him on notice of its intention to seek a sentencing enhancement. See 21 U.S.C. § 841(b)(1)(C) (increasing statutory maximum from twenty to thirty years for a violation involving an unspecified amount of a Schedule I or II controlled substance if the offender has a prior felony drug conviction).

Vargas entered a guilty plea and the appellant stood trial alone. Following a six-day joust, a jury convicted him on the first five counts but acquitted him on count 6 (the crack cocaine count). At sentencing, the district court made several findings relevant to the appellant's guideline sentencing range. In the end, the court set the range at 235-293 months (offense level 36; criminal history category III) and imposed an incarcerative sentence at the very top of the range, to be followed by an eight-year supervised release term. This appeal ensued.

In this venue, the appellant presses a series of sentence-related claims. As we explain below, none has merit.

We start, as does the appellant, with the district court's inclusion of the 143.7 grams of crack cocaine in computing his guideline sentencing range. See generally USSG §2D1.1, comment. (n.12) ("Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level."). The appellant vigorously attacks this finding. His principal claim draws its essence from the Supreme Court's decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). There, the Court held that, in a criminal case, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63. The appellant seeks to extend this rule by

arguing that it was error for the court to increase his sentence based on its finding that the government had shown by a preponderance of the evidence that the appellant possessed the crack cocaine as part of the conspiracy.

This argument runs along the following lines. Under Apprendi's rationale, the appellant says, the issue of drug quantity was one for the jury — not the court — to resolve, and, in all events, the decision should have been guided by the beyond-a-reasonable-doubt standard (rather than by the less demanding "preponderance" standard).

This argument has an unusual twist. The appellant concedes, as he must, that the court's inclusion of the 143.7 grams of crack cocaine in the guideline calculations had no effect on the applicable statutory maximum.[1] Rather, the appellant argues that the drug quantity finding influenced his guideline sentencing range (and, hence, his sentence) in a meaningful way and asserts that the Apprendi principle should be extended to require submission to the jury of any factor that significantly impacts a defendant's sentence. It is enough, the appellant suggests, that a finding has a "dramatic effect" on the sentence that a defendant receives.

---

[1]The appellant received a 293-month sentence. The lowest statutory maximum that applies to narcotics distribution cases like this one, in which the government filed a sentencing enhancement information based on a prior felony drug conviction, is thirty years. 21 U.S.C. § 841(b)(1)(C). The sentence imposed, therefore, was well within the statutory maximum.

We reject this expansive reading of Apprendi. By its own terms, the holding in Apprendi applies only when the disputed "fact" enlarges the applicable statutory maximum and the defendant's sentence exceeds the original maximum. Id. For this reason, Apprendi simply does not apply to guideline findings (including, inter alia, drug weight calculations) that increase the defendant's sentence, but do not elevate the sentence to a point beyond the lowest applicable statutory maximum. United States v. Lafreniere, 236 F.3d 41, 50 (1st Cir. 2001); United States v. Baltas, 236 F.3d 27, 41 (1st Cir. 2001); United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000) (per curiam), cert. denied, ___ S. Ct. ___ (2001) [2001 WL 70558]; United States v. Hernandez-Guardado, 228 F.3d 1017, 1027 (9th Cir. 2000); United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000). In other words, even after Apprendi, the existence vel non of sentencing factors that boost a defendant's sentence but do not trip a new statutory maximum remain grist for the district judge's mill under a preponderance-of-the-evidence standard.

In much the same vein, the appellant asserts that, in light of Apprendi, the issue of his role in the offense — specifically, the issue of whether he was an organizer or leader under USSG §3B1.1(c) — should have been resolved by the jury under the beyond-a-reasonable-doubt standard instead of by the district court under the preponderance-of-the-evidence standard. Once again, the challenged

-5-

finding raised the appellant's offense level (and, hence, his ultimate sentence) but did not elevate the applicable statutory maximum. Consequently, for the reasons previously discussed, this claim too must be rejected.

The appellant's next asseveration rests squarely upon the fact that the jury acquitted him on count 6 (the crack cocaine count). Contrary to his importunings, however, this fact does not change the decisional calculus concerning the sentencing court's inclusion of the crack cocaine as relevant conduct under USSG §1B1.3(a)(2). The Supreme Court has held that a district court, without offending due process, may consider at sentencing, and act upon, acquitted conduct. United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam). Moreover, the government need prove such conduct only by a preponderance of the evidence. United States v. Amirault, 224 F.3d 9, 15 (1st Cir. 2000) (collecting cases). Because the Supreme Court's holding in Apprendi does not call into question the validity of this line of cases, the appellant's reliance on the acquittal is misplaced.

Finally, the appellant maintains that the drug quantity and role-in-the-offense findings, even if within the court's purview, are unsupported in the record. We do not agree.

As to drug quantity, the appellant's argument again centers on the inclusion of the crack cocaine in the court's computations. That finding hinges on the court's binary determination that the

appellant dealt in crack cocaine and that those dealings were "relevant conduct," USSG §1B1.3, that is, part and parcel of the overall drug-trafficking activities comprehended by the counts of conviction. It is settled beyond peradventure that a sentencing court's findings of fact in respect to relevant conduct will not be set aside unless they are clearly erroneous. United States v. Tejada-Beltran, 50 F.3d 105, 109 (1st Cir. 1995).

Here, the district court thought it "very clear" that the appellant was inextricably linked to the 143.7 grams of crack cocaine found in Vargas's bedroom (and, accordingly, that the crack cocaine was tied to the appellant's drug-trafficking activities). While the proof on that point was conflicting — Vargas, for example, made inconsistent statements — there was ample evidence in the record to support the finding. The crack cocaine was discovered at a "stash house" for the appellant's operation (along with large quantities of heroin and powdered cocaine that the appellant was convicted of possessing). The appellant was seen at that location on numerous occasions, he had extensive telephone contact with persons there, and his fingerprints adorned a number of incriminating items seized from the locus. Indeed, like peas in a pod, the bag containing the 143.7 grams of crack cocaine and several bags containing powdered cocaine were in a single package, hidden in a television console — and the appellant's fingerprint was found on one of the bags of powdered cocaine. Given the district

-7-

court's detailed findings and the facts of record, we cannot say that the court clearly erred in deciding that the crack cocaine was properly attributable to the appellant for sentencing purposes. See United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990) ("[W]here there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous.").

The appellant's remaining claim is that the district court erred in concluding that he was an organizer or leader under USSG §3B1.1(c). We review such findings for clear error. United States v. Graciani, 61 F.3d 70, 74 (1st Cir. 1995). We discern none here.

The two-level upward adjustment for a defendant's role in the offense applies "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." USSG §3B1.1(c). A defendant occupies this status if he "'exercised control over, or was otherwise responsible for organizing the activities of, at least one other individual in committing the crime.'" United States v. Medina, 167 F.3d 77, 80 (1st Cir. 1999) (quoting United States v. DiSanto, 86 F.3d 1238, 1259 (1st Cir. 1996)). A defendant's role in the offense "can be proved wholly by circumstantial evidence." United States v. Cruz, 120 F.3d 1, 4 (1st Cir. 1997) (en banc).

In this case, the district court concluded that the appellant was an organizer or leader after finding that Vargas was his subaltern.

This finding was based, inter alia, on evidence that Vargas told an undercover agent that he worked for the appellant and referred to the appellant as "the big." These statements,[2] coupled with evidence suggesting that the appellant gave Vargas directions in regard to the consummated heroin transaction (described in count 3 of the indictment) and that the appellant devised the plan for the parties' anticipated future drug transactions, sufficed to ground the role-in-the-offense enhancement. Cf. United States v. Akitoye, 923 F.2d 221, 227 (1st Cir. 1991) (affirming two-level enhancement for supervisory role where evidence supported an inference that the defendant controlled the drugs and gave orders to a subordinate).

We need go no further. The appellant struggles mightily, but he is unable to cast a shadow of a doubt on the lawfulness of his sentence.

**Affirmed.**

---

[2]To be sure, Vargas tried to explain these statements away at trial, saying that he worked for the appellant in a legitimate business. The district court, however, was at liberty to take Vargas's words as descriptive of the drug-trafficking hierarchy. See Ruiz, 905 F.2d at 508.