**UNITED STATES of America,**
**Appellee,**

v.

**Thomas FIELDS, a/k/a**
**Woozie, Appellant.**

**Nos. 99–3138, 99–3139.**

United States Court of Appeals,
District of Columbia Circuit.

Filed June 12, 2001.

Before: EDWARDS, Chief Judge, GINSBURG and TATEL, Circuit Judges.

Opinion for the Court filed by Chief Judge EDWARDS.

HARRY T. EDWARDS, Chief Judge:

In *United States v. Fields*, 242 F.3d 393 (D.C.Cir.2001) (*"Fields I"*), issued on March 13, 2001, the sentences of defendants Thomas "Woozie" Fields and Bernard "Tadpole" Johnson were vacated and the case was remanded to the District Court for resentencing. The Government now petitions for rehearing, claiming that *Fields I* misapplied *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in holding "the jury was required to find beyond a reasonable doubt that defendants were responsible for the quantity of drugs attributed to them for purposes of determining their base offense level under the Sentencing Guidelines." Government's Pet. for Reh'g at 1. We agree that there is some loose language in *Fields I* which can be read to exceed the bounds of the Supreme Court's holding in *Apprendi*. We therefore grant the Government's petition for rehearing so that we may clarify the court's holdings in *Fields I*.

\* \* \* \*

■ In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Therefore, as we held in *Fields I*, it "follows that *drug quantity* is an element of

the offense where a factual determination of the amount of drugs at issue may result in a sentence that exceeds a maximum sentence prescribed in the applicable statute." 242 F.3d at 395 (emphasis in original). *Apprendi* therefore applies to sentences predicated on drug quantity where progressively higher statutory maximums are triggered by findings of progressively higher quantities of drugs. *Id.* at 396; *In re Sealed Case*, 246 F.3d 696, 699 (D.C.Cir. 2001). Thus, as noted in *Fields I*, in drug cases charged under 21 U.S.C. §§ 841 and 846, where the prescribed statutory maximum depends upon the amount of drugs involved, before a defendant can be sentenced to a higher statutory maximum, "the Government must state the drug type and quantity in the indictment, submit the required evidence to the jury, and prove the relevant drug quantity beyond a reasonable doubt." 242 F.3d at 396.

■ *Fields I* goes awry in suggesting that *Apprendi* also applies to a Sentencing Guidelines enhancement that results in a sentence *within* the statutory range. For example, *Fields I* states that "[t]he Government was required to convince the jury, beyond a reasonable doubt, that the defendants possessed enough of a controlled substance for the District Court to adjust the base offense level to 38," *id.* at 397, and that "the issue of leadership [role] must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 398. These passages overstate the holding of *Apprendi*. As this court recently has held, *Apprendi* does not apply to sentencing findings that elevate a defendant's sentence *within* the applicable statutory limits. *See In re: Sealed Case*, 246 F.3d 696, 2001 WL 409116, at \*2–\*3. In other words, *Apprendi* does not apply to enhancements under the Sentencing Guidelines when the resulting sentence remains within the statutory

maximum. This understanding of *Apprendi* is shared by our sister circuits. *See, e.g., United States v. Caba*, 241 F.3d 98, 101 (1st Cir.2001); *United States v. Jackson*, 240 F.3d 1245, 1249 (10th Cir.2001); *United States v. Garcia*, 240 F.3d 180, 182–84 (2d Cir.2001); *United States v. Williams*, 235 F.3d 858, 862–63 (3d Cir. 2000); *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 1152, 148 L.Ed.2d 1014 (2001); *Talbott v. Indiana*, 226 F.3d 866, 869–70 (7th Cir.2000). Any language to the contrary in *Fields I* is in error and is not the law of this circuit.

With these legal principles in mind, we will now reconsider our application of the law to the facts in *Fields I*.

\* \* \* \*

The Government concedes that, under *Apprendi*, the District Court committed plain error in this case in imposing life sentences on the drug conspiracy count in the absence of jury findings as to drug quantity. The Government claims, however, that in assessing whether this constituted *reversible* error under the plain error doctrine,"[t]he right question" is whether there was "overwhelming proof" that defendants' crimes involved 50 or more grams of cocaine base, or 1 kilogram or more of phencyclidine ("PCP") mixture, or at least 1,000 kilograms of marijuana. Government's Pet. at 10. The Government is right as to the amounts of drugs required by statute to authorize a life sentence, but wrong in its claim that the District Court relied on "overwhelming proof" that the conspiracy involved these amounts.

As noted in *Fields I*, defendants Fields and Johnson were convicted on 40 and 16 counts, respectively, including convictions for Narcotics Conspiracy (Count 1), RICO Conspiracy (Count 3), and kidnaping, gang rape, and attempted murder (Counts 12–

18). At defendants' sentencing hearing, the District Court adopted the calculations in the Presentence Investigation Report ("PIR"), as well as the Government's proposed findings of fact and conclusions of law, and found that "well above" a preponderance of the evidence demonstrated that 1,670 grams of crack cocaine, 11,388 grams of PCP, and 3,490 kilograms of marijuana were "directly attributable to defendant Thomas Fields." *United States v. Fields*, Crim. No. 98–071–01, Mem. Op. at 16 (D.D.C. Oct. 8, 1999). The District Court also found that 1,670 grams of crack, 11,328 grams of PCP, and 2,182 kilograms of marijuana were "reasonably foreseeable and part of jointly undertaken activity by defendant Johnson, and therefore are appropriately attributable to him." *United States v. Johnson*, Crim. No.98–071–06, Mem. Op. at 8 (D.D.C. Oct. 13, 1999). The life sentences imposed on defendants were predicated on these calculations. It is undisputed, however, that these drug quantities were never proven to a jury beyond a reasonable doubt; indeed, most of the asserted quantities are not based on any concrete proof. While the jury verdict form required specified findings that defendants distributed specific quantities of controlled substance in connection with Count 2 (Continuing Criminal Enterprise), the jury deadlocked on this count in the case of both defendants. In short, the jury did not make *any* finding at all as to the amount of drugs involved, let alone a finding that defendants possessed, beyond a reasonable doubt, enough of a controlled substance to impose a life sentence under 21 U.S.C. § 841. The life sentences therefore contravened *Apprendi*.

■ Though the District Court erred in imposing the life sentences based on drug quantity, neither defendant objected at trial to the failure to submit drug quantity to the jury. At sentencing, defendants

objected only on the grounds that the calculations were speculative and based on trial testimony of various individuals who had entered into agreements with the Government. Hence, as noted in *Fields I,* our review is for plain error. FED. R.CRIM. P. 52(b); *United States v. Wolff,* 195 F.3d 37, 40 (D.C.Cir.1999). We may exercise our discretion to correct an error pursuant to Rule 52(b) only when an "error" is "plain" or "obvious" under current law, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Olano,* 507 U.S. 725, 731–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ The Government argues that, although the life sentences imposed on defendants based on drug quantities resulted in plain error, no relief is warranted because the error did not affect defendants' substantial rights. We disagree. The Government maintains that the District Court correctly determined that the quantity of drugs involved exceeded the amount required under the applicable provision of § 841(b)(1). However, the Government has no good basis upon which to rest such a claim. The District Court relied heavily on the imprecise testimony of various witnesses who were cooperating with the Government. In its petition for rehearing, the Government once again points to this testimony as well as admissions from Fields that he "made a living selling crack," sold or supplied marijuana to ten named individuals, "worked selling marijuana four to five days a week," and "had no idea how much marijuana he had sold." Government's Pet. at 10 n.4. Apart from this vague testimonial evidence, the only other "evidence" to which the Government can point is that provided by a DEA chemist who testified to the chemical analysis of approximately 7 grams (*i.e.,* .007 kilograms) of cocaine base and over twenty kilograms of marijuana that had been seized in the case. *Id.* This evidence is far from "overwhelming proof" that defendants' crimes involved the drug quantities necessary to trigger a life sentence under 21 U.S.C. § 841(b)(1)(A). And given the gravity of the sentence and the lack of any "overwhelming" evidence to support it, we have no basis for concluding that the error did not "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *Johnson,* 520 U.S. at 469–70, 117 S.Ct. 1544.

\* \* \* \*

■ The Government argues, in the alternative, that defendants should not prevail under the plain error standard, because the life sentence on the RICO conspiracy count was a "statutorily available sentence" under *Apprendi.* In support of this claim, the Government cites *United States v. Meshack,* 225 F.3d 556, 577 (5th Cir.2000), *cert. denied sub nom. Parker v. United States,* —— U.S. ——, 121 S.Ct. 834, 148 L.Ed.2d 716 (2001), *amended on reh'g,* 244 F.3d 367 (5th Cir. 2001), in which the court held that even if a 10–year sentence on a marijuana count was unlawful under *Apprendi,* there was no plain error warranting reversal where the defendant was not challenging a greater 324–month concurrent sentence on another count. The decision in *Meshack* was based on the court's conclusion that the defendant would receive no meaningful benefit from having his infirm sentence vacated, because he would not serve less time as a result of resentencing, and no collateral consequences would flow from the court's failure to correct the sentence. 244 F.3d at 368.

The "concurrent sentence" thesis enunciated in *Meshack* is premised on the fact that, quite apart from the infirm sentence,

there was an unchallenged and longer concurrent sentence on a different count. In this case, the Government asserts that, because the District Court *could* have sentenced defendants to life based on the jury conviction for armed kidnaping, defendants' challenges to the life sentences imposed on the drug conspiracy count do not warrant reversal for plain error. In other words, the Government says that, by finding defendants guilty of Racketeering Act 21, which alleged an armed kidnaping under the D.C.Code, the jury found all of the facts needed to make life a statutorily available sentence as to the RICO conspiracy count.

The problem with the Government's argument is that, although it is true that the District Court imposed concurrent life sentences on the RICO conspiracy count, there is no clear finding by the trial court that it intended to impose life sentences under RICO for Racketeering Act 21 (*i.e.*, armed kidnaping). Indeed, the Government does not suggest otherwise. The Government's entire argument rests on the claim that there is a *possibility* of a life sentence on the RICO conspiracy count, because of the defendants' convictions for armed kidnaping.

The Government may be correct that life is a "statutorily available sentence" on the RICO conspiracy count; but this is a far cry from *Meshack*, which involved a concurrent sentence based on known and uncontested grounds. In this case, we cannot comprehend the District Court's basis for the life sentences on the RICO conspiracy count and "[w]e will not permit our result to be guided by idle speculation as to the sentence that might be imposed by the district court on remand." *United States v. Jones*, 235 F.3d 1231, 1238 (10th Cir.2000); *see also United States v. Bradford*, 246 F.3d 1107 (8th Cir.2001). Accordingly, we remand to afford the District Court the opportunity in the first instance

to recalculate the defendants' sentences in a manner consistent with our decision here and in *Fields I*. On remand, the Government will be free to argue to the District Court that life sentences should be imposed on the RICO conspiracy count premised on the defendants' convictions for armed kidnaping.

\* \* \* \*

■ With respect to leadership enhancement, the Government is correct that *Fields I* incorrectly holds that *Apprendi* applies to enhancements based on role-in-offense findings under the Guidelines. A finding of leadership role can raise a defendant's offense level under the Guidelines and the resulting sentence; it cannot, however, elevate that sentence above the applicable statutory maximum. Indeed, the Guidelines themselves recognize as much. *See* U.S. SENTENCING GUIDELINES MANUAL § 5G1.1 (1998). Thus, a leadership enhancement based on a role-in-offense finding is not a "fact that increases the penalty for a crime beyond the prescribed statutory maximum." *See, e.g., United States v. Gallego*, 247 F.3d 1191, 1199–1200 (11th Cir.2001); *Caba*, 241 F.3d at 101; *Jackson*, 240 F.3d at 1249.

\* \* \* \*

In sum, *Fields I* is clarified as indicated above. The case is hereby remanded to the District Court for resentencing consistent with this opinion.