**UNITED STATES**

v.

**Alfred CRAVEN**

**No. CR.A. 97–10234–JLT.**

United States District Court,
D. Massachusetts.

March 7, 2002.

178

Michael D. Ricciuti, United States Attorney's Office, Boston, MA, for Plaintiff.

Stephen B. Hrones, Hrones & Harwood, Boston, MA, for Defendant.

*MEMORANDUM*

TAURO, District Judge.

The United States District Court for the District of Massachusetts, Gertner, J., entered judgment against Defendant Alfred Craven on April 13, 2000, and sentenced him to 151 months of incarceration. The First Circuit Court of Appeals vacated Craven's sentence and remanded the case to this court for re-sentencing.[1]

At issue are several of Defendant's motions.

## BACKGROUND

On September 11, 1997, Craven was charged in a multi-count drug trafficking indictment. The indictment alleged that Craven and Edward Duarte were the ringleaders of an expansive criminal operation that would obtain marijuana in California, send it to Massachusetts, distribute it, and send the proceeds back to California. Count Two charged Craven with operating a continuing criminal enterprise, in violation of 21 U.S.C. § 848; Counts Three and Nine, with conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846; Counts Five, Six, Eight, Eleven, Twelve, and Fourteen, with possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and Count Ten, with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Only Count Three contains any reference to drug weight ("one thousand kilograms or more of a mixture or substance containing a detectable amount of marijuana").

Defendant pleaded guilty to the eight marijuana counts and one money laundering count on June 23, 1999. Pursuant to the plea agreement, the government dropped the continuing criminal enterprise charge (which carried a 20 year mandatory minimum). The plea agreement included a discussion of drug amount (1,000 to 3,000 kilograms).

At several sentencing hearings before Judge Gertner, Defendant sought a downward departure from a tentative 235–293 month sentencing range, on the grounds of extraordinary post-offense rehabilitation.

Judge Gertner ordered a psychologist, Dr. Laurence Weisman, to conduct a substance abuse evaluation of Craven. Dr. Weisman's report indicated that Craven seemed to have the willingness and capability to succeed in a long-term recovery program. The government disagreed with the psychologist's report, noting that during the two year period in which Craven was detained pending disposition, he committed at least eighteen disciplinary infractions, including flooding his cell, fighting, and possessing homemade alcohol.

At the final sentencing hearing, Judge Gertner made two downward departures. First, she reduced Craven's criminal history category from III to I. This departure was not objected to by the government. Second, the judge departed downward based on "extraordinary rehabilitation," having spoken *ex parte* to the psychologist for about an hour.

Defendant agreed to a 4–level enhancement for his role in the crimes, and both parties agreed Craven was entitled to a three level reduction for acceptance of responsibility. Having taken into account these departures and enhancements, Judge Gertner lowered the sentencing range to 151–188 months, and sentenced Craven to 151 months.

On appeal, the First Circuit noted that downward departures based on presentence rehabilitation are extremely rare. Because the Court of Appeals found that

---

1. *U.S. v. Craven,* 239 F.3d 91 (1st Cir.2001).

Judge Gertner improperly spoke *ex parte* with the psychologist, it vacated Craven's sentence and remanded the case to this court for re-sentencing.[2]

On January 19, 2002, Defendant filed seven motions with this court. The first six motions invoke *Apprendi v. New Jersey*,[3] and are at issue here. The seventh motion, entitled "Motion that this Court Downward Depart Based on Defendant's Extraordinary Rehabilitation," is held in abeyance pending an evidentiary hearing.

### A. The "Law of the Case" Doctrine

Before addressing the substantive validity of Craven's *Apprendi* arguments, the Government vigorously argues that the "law of the case" and waiver doctrines apply. In the plea agreement and in open court before Judge Gertner, Craven "admitted" that the applicable drug weight in this case is over 1,000 kilograms, and that the applicable penalty provision is § 841(b)(1)(A)(vii), providing for a maximum penalty of life imprisonment.[4] Craven did not appeal.

 Under the "law of the case" doctrine, issues that are settled in one stage of litigation are generally left undisturbed in future stages. While a district court has the power to reopen some issues, it should do so sparingly. The First Circuit has stated that "[t]he black letter rule ... is that a legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation."[5] There are some "exceptional circumstances" to the rule, such as where there is new evidence in a subsequent trial, the controlling legal authority has changed, or the court's decision was clearly erroneous and would work a manifest injustice.[6]

In the specific area of re-sentencing, the First Circuit has said that "upon re-sentencing occasioned by remand, unless the court of appeals has expressly directed otherwise, the district court may consider only such new arguments or new facts as are made relevant by the court of appeals' decision ... [but a] defendant should not be held to have waived an issue if he did not have a reason to raise it at his original sentencing."[7]

The First Circuit expressly noted Craven's "failure to cross-appeal" on *Apprendi* issues.[8] In fact, Judge Selya noted that "the district court entered judgment in this case on April 13, 2000. The Government filed its appeal on May 8, 2000. Craven had ten days thereafter within which to file notice of cross-appeal... Craven did not avail himself of this opportunity. That omission forecloses his *Apprendi* claim."[9] The government emphasizes this language, and insists that Craven can not now raise an *Apprendi* claim.

 Craven's Re–Sentencing Memorandum does not address this issue, nor do his later motions. And, unlike the Government, he did not file a revised Memorandum to address the matter. This court

---

2. *Craven*, 239 F.3d at 94.

3. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

4. *See* 21 U.S.C. § 841(b)(1)(A).

5. *U.S. v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993).

6. *See U.S. v. Rivera–Martinez*, 931 F.2d 148, 151 (1st Cir.1991).

7. *U.S. v. Ticchiarelli*, 171 F.3d 24, 32 (1st Cir.1999).

8. *Craven*, 239 F.3d at 96.

9. *Id.* at 97.

will, however, permit Craven to raise *Apprendi* arguments. First, because *Apprendi* was decided on June 26, 2000, the new rule of constitutional law laid out in that case was unavailable at the original sentencing. Craven was also unable to raise the issue in a cross-appeal, as his cross-appeal was due on May 18, 2000. Second, while the court of appeals would not allow a reduction of Craven's sentence absent a cross-appeal, Craven is now being re-sentenced. An *Apprendi* argument was not appropriate on appeal, but it may be appropriate now that he is again in district court. Third, *Apprendi* constitutes changed "controlling legal authority," an exception to the prudential principle of waiver.[10] Assuming, therefore, that Craven is not barred from raising *Apprendi* arguments based on drug weight, this court will address those arguments.

■ Unlike the issue of drug weight, however, Craven has lost the opportunity to argue against the gun enhancement. Craven objected to the gun enhancement at sentencing, stating that the evidence of gun use was unreliable and mischaracterized, and that the only reason he had a gun was to protect himself against people who tried to kidnap him. The government submitted affidavits disputing this, and Judge Gertner assessed Craven the gun enhancement.

Because he litigated this issue before, Craven is barred from re-litigating it here. He did not appeal the issue, and no change in the law has made it newly relevant. As discussed more fully below, enhancements under the guidelines that do not increase a defendant's sentence above the statutory

maximum do not violate *Apprendi*. Accordingly, Defendant's "Motion for Evidentiary Hearing on Issue of Weapon Possession" and "Motion that No Increase in Sentencing Guidelines Number be Allowed for Weapons Possession" are denied.

### B. Drug Weight

In *Apprendi v. New Jersey*, the government alleged that Apprendi fired numerous bullets into the home of an African American family in his previously all-white neighborhood. Apprendi pled guilty to several firearm charges. At sentencing, the district court found that the crime was motivated by racial bias, and enhanced Apprendi's sentence in accordance with New Jersey's "hate crimes" law. The maximum sentence was thereby enhanced from 10 years to 20 years.[11]

The Supreme Court was careful to note that judges have long exercised "discretion—taking into consideration various factors relating to both offense and offender—in imposing a judgment *within the range* prescribed by statute."[12] The Court held that the hate crime enhancement violated Apprendi's rights under the Due Process Clause, and declared that:

> Other than the fact of a prior conviction, *any fact that increases the penalty for the crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.* With that exception, we endorse the statement of the rule set forth in the concurring opinions in [*Jones v. United States* ][13]: '[I]t is unconstitutional for the legislature to remove from the jury

---

10. *See Ticchiarelli,* 171 F.3d at 32 ("A defendant should not be held to have waived an issue if he did not have a reason to raise it at his original sentencing.").

11. *See Apprendi,* 530 U.S. at 468–471, 120 S.Ct. 2348.

12. *Id.* at 481, 120 S.Ct. 2348 (emphasis in the original).

13. 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.' [14]

In dissent, Justice O'Connor questioned whether the majority's decision would apply to the Federal Sentencing Guidelines, since it is a "determinate-sentencing scheme in which the length of a defendant's sentence within the statutory range turns on specific factual determinations." [15] Craven seizes on this language, and asserts that the Court's holding was that a defendant is entitled to have a jury decide, by proof beyond a reasonable doubt, every fact relevant to the determination of sentence.

The relevant *statute*, 21 U.S.C. § 841, provides for various maximum punishments, depending on the amount of controlled substance involved. The punishments range from "a term of imprisonment of not more than 5 years" for less than 50 kg of marijuana to "a term of imprisonment no less than 10 years or more than life" for 1000 kg or more of marijuana.[16] Under the *Guidelines*, however, punishment for a Class I defendant ranges from 0–6 months for less than 250 grams of marijuana to 235–293 months for over 30,-000 kilograms.[17] The judge's fact-finding (by a preponderance of the evidence) determines the drug weight under the Guidelines.

According to Craven, this result "contravenes the teaching of *Apprendi*," because the "prescribed statutory maximum" in federal criminal cases is the top of the Guidelines sentencing range.[18] So when, as here, the indictment makes no reference to specific drug weight, the maximum allowable punishment is the top of the Guidelines range for the *most minimal* amount of drugs (250 grams). The five year "default maximum" discussed in the statute is irrelevant, Craven argues, because the top of the Guidelines sentencing range sets the upper limits of the defendant's sentence. He therefore asks for a maximum sentence of six months on the drug counts, and in the alternative asks for a maximum of five years (statutory maximum for minimum drug weight).

The government opposes Craven's motions. First, the government asserts that the First Circuit recently decided the appeal of Edward Duarte, Craven's co-conspirator. In that case, Duarte pleaded guilty, and, like Craven, admitted in his plea agreement to more than 1,000 kg of marijuana. Unlike Craven, though, Duarte appealed and expressly raised an *Apprendi* challenge. Duarte's argument on appeal was that, "absent a specification of drug quantity in the indictment and its determination by a jury beyond a reasonable doubt, he should have been sentenced to no more than the lowest statutory maximum applicable to marijuana trafficking (five years)." [19] This is precisely the same as one of Craven's arguments (although Craven also asks for a six month Guideline maximum). The First Circuit agreed that the lowest statutory maximum is five years, the "default statutory maximum"

---

14. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added).

15. *Id.* at 544, 120 S.Ct. 2348 (O'Connor, J., dissenting).

16. *See* 21 U.S.C. 841.

17. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 (c) (2001).

18. *See* Def.'s Sentencing Mem. 7.

19. *U.S. v. Duarte*, 246 F.3d 56, 59 (1st Cir. 2001).

for a violation of § 841(a)(1).[20] But because Duarte did not raise the issue at his original sentencing, the appeals court reviewed for plain error.

The court clearly stated: "It is now settled in this and other circuits that even though an indictment is silent as to drug amount and the jury is not asked to make a specific drug-quantity determination, no *Apprendi* violation occurs as long as the defendant receives a sentence below the default statutory maximum applicable to the kind of drugs at issue."[21] In Duarte's case, his sentence (151 months on *each* of 11 marijuana counts, to run concurrently) exceeded the five-year default statutory maximum, and thus the First Circuit assumed that "*Apprendi* error may have occurred."[22]

The court said that it was "arguable" that, because Duarte admitted to drug quantity in the plea agreement, he may have "surrendered any right ... to have a jury determine drug quantity."[23] But the court expressly refused to answer the question of whether a potential *Apprendi* violation can be "short-circuited" by a showing that the defendant pled guilty and admitted to the necessary drug quantity. The court simply assumed *Apprendi* error and moved on to ascertain whether Duarte was prejudiced by the error.

Duarte's guilty plea admission "took any issue about drug quantity out of the case," according to the court, and thus Duarte "scarcely can claim to have been prejudiced either by the omission of specific drug quantities from the body of the indictment or by the absence of a jury deter-mination on the point."[24] The government leans heavily on this language, and insists that Craven cannot show prejudice since he admitted to drug quantity in the plea agreement.

This argument, however, misses the mark. In *Duarte*, the First Circuit reviewed a sentencing argument that the defendant did not raise at sentencing, and thus used the "plain error" standard. Even assuming error, the court found that Duarte could not show prejudice. Here, however, Craven appears for re-sentencing, and this court is not reviewing Judge Gertner's case for plain error. This court is sentencing him anew and, thus, there is a strong argument that this court should not ignore possible *Apprendi* error, even if it does not "prejudice" Craven.

■ The government argues that, even ignoring Craven's money laundering conviction, and even assuming a five year maximum on all the marijuana counts, "a sentence of 188 to 235 months on all eight marijuana counts is well below the 40 year total sentence to which Craven was exposed on them."[25] The government further argues that the Guidelines require that the total punishment of 188 to 235 months be imposed through the imposition of consecutive sentences. Under the applicable Guideline provision, where there are multiple counts, the court looks to the count with the highest statutory maximum.[26] "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more

**20.** *Id.*

**21.** *Id.* at 60.

**22.** *Id.*

**23.** *Id.* at 60.

**24.** *Id.* at 62.

**25.** Government's Revised Re–Sentencing Mem. 60.

**26.** *See* U.S. Sentencing Guidelines Manual § 5G1.2 (d) (2001).

of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." [27] The government argues that Craven should be sentenced to 188–235 months on the money laundering charge, to run concurrently with consecutive 60–month sentences on the drug charges. The total punishment of 188–235 months would not change, even if the court finds itself constrained by *Apprendi.*

The government is correct. Even if this court were to find that *Apprendi* requires each of Craven's eight drug counts to carry a maximum penalty of five years incarceration, the "stacked" statutory maximum would be 40 years on the drug counts alone. The Guideline range proposed by the government is well within the limits imposed by the statute. Accordingly, Defendant's "Motion that Defendant be Sentenced in the Alternative to No More than 5 Years Confinement on Drug Counts" is denied.

■ Finally, the government addresses Craven's "six month maximum" argument. The *Apprendi* court specifically noted that the Guidelines were not before it, and left open the question of whether *any* fact which increases the Guidelines range *within* the statutory maximum must be alleged in the indictment, submitted to a jury, and determined beyond a reasonable doubt. While Craven's argument may have force, the First Circuit does not accept it. In *U.S. v. Caba,* the First Circuit wrote that "*Apprendi* simply does not apply to guideline findings (including, *inter alia,* drug weight calculations) that increase the defendant's sentence, but do not elevate the sentence beyond the lowest applicable statutory maximum." [28]

Defendant's "Motion that Defendant be Sentenced to No More than 6 Months Confinement on Drug Counts" is therefore denied.

### C. Factual Findings Motions

Craven asks that the court use a beyond-a-reasonable-doubt standard in making factual findings. He provides no legal support for this argument, as he raises it for the first time in a one paragraph motion.

■ As the government points out, the First Circuit noted in *United States v. Caba* that factual determinations under the Guidelines are made under a preponderance of the evidence standard.[29] *Apprendi* did nothing to change that (as long as the sentence is within the statutory maximum, as discussed above).

Defendant's "Motion that Court Use Beyond a Reasonable Doubt Standard as to Factual Findings" is denied.

■ Similarly, Craven also moves that he not be bound by plea agreement stipulations. If he seeks to rescind his plea agreement, the government will likely bring the Continuing Criminal Enterprise charge, a result he clearly does not want. Craven wants the government to be bound by its agreement, but he does not want to be bound by factual stipulations in the agreement. As the government points out, Craven seems to "want his cake and eat it too." Defendant's "Motion that Defendant Not be Bound by Plea Agreement Stipulations" is denied.

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Evidentiary Hearing on Issue

---

27. *Id.*

28. *U.S. v. Caba,* 241 F.3d 98, 101 (1st Cir. 2001).

29. *See id.*

of Weapon Possession [Docket # 643], Motion that No Increase in Sentencing Guidelines Number be Allowed for Weapon Possession [Docket # 644], Motion that Court Use Beyond a Reasonable Doubt Standard as to Factual Findings [Docket # 645], Motion that Defendant Not be Bound by Plea Agreement Stipulations [Docket # 646], Motion that Defendant be Sentenced to No More than 6 Months Confinement on Drug Counts [Docket # 647], and Motion that Defendant be Sentenced in the Alternative to No More that 5 Years Confinement on Drug Counts [Docket # 642] are DENIED.

Defendant's Motion for Downward Departure Based on Extraordinary Rehabilitation [Docket # 648] is held in abeyance pending hearing.

AN ORDER WILL ISSUE