# United States Court of Appeals
## For the First Circuit

---

No. 00-2242

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT PICCOLO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, Senior U.S. District Judge]

---

Before

Torruella, Circuit Judge,

Cyr, Senior Circuit Judge,

and Lynch, Circuit Judge.

---

Lori H. Levinson, with whom Cain, Hibbard, Myers & Cook, P.C. was on brief for appellant.

Jennifer Hay Zacks, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for appellee.

---

March 7, 2002

---

**CYR, Senior Circuit Judge.** Appellant Robert Piccolo seeks to set aside the prison sentence imposed following his guilty plea to conspiring to possess marijuana with intent to distribute, see 21 U.S.C. §§ 841(a)(1), 846.  We affirm.

**I**

**BACKGROUND**

After the arrests of the three individuals whom Piccolo had dispatched to Texas, with $35,000, to acquire 100 pounds of marijuana in November 1998, the government initially sought to include, as "relevant conduct," an additional 200 pounds of marijuana which Piccolo allegedly attempted to purchase in December 1998, an offense not charged in the indictment.[1] Following an intervening change in the law, however, see Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), the government withdrew its request relating to "relevant conduct," and the revised presentence report reflected that Piccolo was accountable for only the 100 pounds involved in the attempted November 1998 marijuana purchase.

---

[1] The additional 200 pounds of marijuana would have increased the statutory maximum sentence to forty years; the base offense level to 26.  With a three-level downward adjustment for acceptance of responsibility, and a four-level upward adjustment for role in the offense, Piccolo's offense level would have been 27.  And given his category IV criminal history, Piccolo's guideline sentencing range would have been between 100 and 125 months.

3

At sentencing, the district court assigned a base offense level ("BOL") of 20, and an adjusted offense level of 21, (i.e., resulting in a guideline sentencing range ("GSR") of 57-71 months). See supra note 1. As five years is the maximum prison term for conspiring to possess 100 pounds of marijuana for distribution, the court used 60 months as its starting point for calculating the downward departure recommended by the government in recognition of Piccolo's "substantial assistance," see U.S.S.G. § 5K1.1. The court then imposed a 45-month prison term.

## II

## DISCUSSION

Piccolo first contends that the district court — in noting that he had received a "break" when the government abandoned its request that the additional 200 pounds of marijuana be considered "relevant conduct" — implicitly suggested that it would credit him with that 200 pounds in determining the extent of its § 5K1.1 downward departure, and that absent such improper consideration, the court in all likelihood would have allowed an even larger downward departure, resulting in a lesser sentence than 45 months. We do not agree.

First, even if we assume that the district court restricted its downward departure in response to Piccolo's

4

accountability for the additional 200 pounds of marijuana,[2] the PSR recites ample competent evidence (<u>e.g.</u>, statements by criminal associates) implicating him in the December 1998 drug deal. See <u>United States</u> v. <u>Caba</u>, 241 F.3d 98, 101 (1st Cir. 2001) (holding <u>Apprendi</u> inapplicable where resulting sentence does not exceed statutory maximum).

Second, Piccolo contends that there is insufficient record support for the four-level upward BOL adjustment imposed upon him as an organizer or leader of a criminal venture involving at least four <u>other</u> individuals. See U.S.S.G. § 3B1.1(a). This claim is groundless as well, due to the fact that three of the four other conspirators, following their arrests, identified Piccolo as their leader and/or organizer. See <u>United States</u> v. <u>Scott</u>, 270 F.3d 30, 51 (1st Cir. 2001) ("clear error" review).[3]

---

[2]The record bears out that the district court's remarks simply constituted an observation regarding the government's post-<u>Apprendi</u> decision not to attempt to establish any such relevant conduct, rather than that the court would consider the 200-pound marijuana purchase in quantifying its downward departure, which it ascribed exclusively to two very different factors: Piccolo's exemplary military record and his marijuana dependency.

[3]Since the PSR contained ample references to Piccolo's pivotal role in the offense, <u>see</u> <u>United States</u> v. <u>Connolly</u>, 51 F.3d 1, 5 (1st Cir. 1995) (noting that court may base § 3B1.1 adjustment on codefendants' hearsay statements), Piccolo's principal contention on appeal, <u>i.e.</u>, that the only evidentiary support for this adjustment consisted of unsworn assertions by

5

Lastly, at oral argument Piccolo's counsel pressed the claim — no longer colorable — that the district court contravened <u>Apprendi</u> by not requiring the government to establish, <u>beyond a reasonable doubt</u>, all facts relied upon in arriving at its determination that Piccolo's "role in the offense" was that of an "organizer" or "leader," <u>see</u> U.S.S.G. § 3B1.1, cmt. n.4. The <u>Apprendi</u> contention is plainly precluded by controlling authority directly on point. <u>See</u>, <u>e.g.</u>, <u>Caba</u>, 241 F.3d at 101; <u>United States</u> v. <u>LaFreniere</u>, 236 F.3d 41, 49-50 (1st Cir. 2001); <u>United States</u> v. <u>Baltas</u>, 236 F.3d 27, 40-41 (1st Cir.), <u>cert. denied</u>, 532 U.S. 1030 (2001).

<u>Caba</u> makes crystal clear that <u>Apprendi</u> is inapposite <u>where an upward departure does not result in a sentence which exceeds the lowest applicable statutory maximum</u>.

> By its own terms, the holding in <u>Apprendi</u> applies only when the disputed "fact" <u>enlarges the applicable statutory maximum and the defendant's sentence exceeds the original</u> maximum. For this reason, <u>Apprendi</u> simply <u>does not apply to guideline findings</u> .. . <u>that increase the defendant's sentence</u>, <u>but do not elevate the sentence</u> to a point <u>beyond the lowest applicable statutory maximum</u>. In other words, even after <u>Apprendi</u>, the existence <u>vel non</u> of sentencing factors that boost defendant's sentence but do not trip a new statutory

government counsel, <u>see</u> <u>United States</u> v. <u>Patterson</u>, 962 F.2d 409, 415 (5th Cir. 1992) (finding such assertions insufficient, "<u>by themselves</u>," under § 3B1.1) (emphasis added), is groundless.

6

> maximum remain grist for the district
> judge's [factfinding] mill under a
> preponderance-of-the-evidence standard.

Caba, 241 F.3d at 101 (emphasis added; citations omitted).

Piccolo attempts to distinguish Caba on the grounds that (i) the four-level increase in the BOL — stemming from the district court determination that Piccolo was a "leader or organizer" — elevated the GSR above the statutory five-year maximum prison term, and (ii) by then employing the improperly elevated GSR as the starting point from which it proceeded to calculate the downward departure which Piccolo was awarded for substantial assistance to the government, see U.S.S.G. § 5K1.1. Piccolo presents neither sound argumentation nor pertinent supporting authority for these distinctions.

The district court sentenced Piccolo to a forty-five month prison term for conspiring to possess marijuana, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 846. As the maximum five-year prison sentence prescribed by statute, see 21 U.S.C. § 841(b)(1)(D), clearly exceeds the forty-five month term imposed, Apprendi plainly is not implicated.

We have considered all the remaining contentions advanced by Piccolo on appeal; many are meritless attempts to

7

skirt the clear message in <u>Apprendi</u> and <u>Caba</u> and the remainder were never preserved below.

Accordingly, the district court <u>judgment</u> <u>is</u> <u>affirmed</u>.

8