Kieu Minh NGUYEN,

v.

UNITED STATES of America

No. CRIM.99–58–P–H.
No. CIV.02–100–P–H.

United States District Court,
D. Maine.

Oct. 22, 2002.

Jonathan R. Chapman, Margaret D. McGaughey, Esq., Office of the U.S. Attorney, Portland, ME, for U.S. Attorneys.

Kieu Minh Nguyen, FCI Texarkana, Texarkana, TX, Pro se.

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, Chief Judge.

The United States Magistrate Judge filed with the court on September 4, 2002, with copies to the parties, her Recommended Decision on Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. The defendant was granted an extension of time until October 15, 2002, to file an objection to the Recommended Decision. No objection has been filed. The Magistrate Judge notified the parties that failure to object would waive their right to *de novo* review and appeal.

I have reviewed and considered the Recommended Decision, together with the en-

tire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED. The defendant's motion to vacate, set aside or correct his sentence is DENIED.

## RECOMMENDED DECISION ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

KRAVCHUK, United States Magistrate Judge.

This matter is before the court on Kieu Minh Nguyen's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. (Docket No. 45.) Nguyen is serving a 109 month sentence for a violation of 18 U.S.C. § 1951(a), a federal statute which prohibits a robbery or a conspiracy to rob where the robbery obstructs, delays, or affects commerce. Nguyen and four others were involved in an attempt to steal cash receipts from a business by the name of "Nail Time," located in Portland, Maine. Nguyen pursued an unsuccessful appeal to the First Circuit Court of Appeals. In the hopes of obtaining habeas corpus relief he now asserts two grounds both tethered to a theory that the sentencing judge made findings applying a too lenient burden of proof. The United States has filed a response seeking summary dismissal. (Docket No. 49.) I conclude that Nguyen's grounds are foreclosed by First Circuit precedent and I recommend that the Court DENY Nguyen habeas relief.

### Discussion

Nguyen was convicted by a jury for violating 18 U.S.C. § 1951(a) which provides:

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned *not more than twenty years* [.]

18 U.S.C. § 1951(a) (emphasis added). The jury acquitted him on a second count that charged that Nguyen carried and used a firearm during and in relation to a violent crime in contravention of 18 U.S.C. §§ 924(c)(1), (3) and 18 U.S.C. § 2.

Nguyen was sentenced on July 10, 2000. There were several sentence-related contests. The Court applied three sentencing guidelines that increased Nguyen's sentence from the base level of twenty, with a sentence range of thirty-three to forty-one months. By a preponderance of the evidence the Court concluded that the possession of a firearm by one of the other four participants was foreseeable by Nguyen and the court applied a five-level increase. The Court found that the amount of loss caused by the robbery was $11,852, triggering a one-level enhancement. The Court also found that Nguyen was the leader or organizer of the crime that involved five or more participants, a determination that led to an additional four-level enhancement. Consequently the total offense level was thirty, establishing a guideline sentence range of ninety-seven to 121 months.

Nguyen's principal argument in his timely 28 U.S.C. § 2255 petition[1] is that

1. The United States concedes that this peti- tion is timely.

the ten-step increase resulting from these three enhancements imposed by the judge applying a preponderance of the evidence standard so increased his sentence that his Fourteenth Amendment due process rights were violated. He contends that in instances where the enhanced portions of the sentence, "the tail," so outstrip the baselevel sentencing range, that it "wags the dog," a higher standard of proof than a preponderance is required, *viz*, clear and convincing evidence. In support of this argument Nguyen relies primarily on *United States v. Kikumura*, 918 F.2d 1084 (3d Cir.1990) and *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).[2]

The United States argues that this habeas attack is foreclosed because Nguyen failed to mount this challenge prior to sentencing, at sentencing, and in his direct appeal; instead his attorneys repeatedly conceded that a preponderance of the evidence standard was appropriate. It also argues that the precedent cited by Nguyen is not on point and that it is settled in the First Circuit that in the wake of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) facts found vis-à-vis sentencing enhancements, other than facts that result in a sentence that exceeds that statutory maximum, need only be proven by a preponderance of the evidence.[3]

With respect to the United States' argument that Nguyen's first ground is defaulted this conclusion does not resolve this petition because Nguyen's second ground asserts that his attorneys at all phases of this criminal proceeding including on appeal were ineffective because they did not raise this challenge. This is the type of claim that is cognizable in a 28 U.S.C. § 2255 petition even if not earlier raised.

■ Ineffective assistance of counsel claims are reviewed under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and its well-worn two prong analysis. Nguyen must demonstrate that his attorneys' representation was deficient, *id*. at 687, 104 S.Ct. 2052, and, that, but for this deficiency the outcome of his sentencing would have been different. *Id*. A failure to show prejudice will suffice to defeat a particular claim, without reference to the level of counsel's performance. *Id*.

■ Nguyen fails on the prejudice prong because his first § 2255 ground has no merit. Nguyen's sentence did not exceed the twenty-year statutory maximum contained within the four corners of 18

---

**2.** Nguyen also cites *United States v. Gonzalez–Vazquez*, 34 F.3d 19 (1st Cir.1994) a case addressing a weapons enhancement and rejecting a challenge similar to Nguyen's. 34 F.3d at 25–26. The Panel declared: "A sentence is a sentence. Conversely, an enhancement is an enhancement—here, two levels, regardless of the BOL—and the incremental effect of the enhancement on any particular sentence is the product of the interaction of a myriad of factors. The increase in the ensuing sentence, whatever the duration, neither alters the enhancement's fundamental character nor bears on whether the facts underlying it must be established by a different quantum of proof." *Id*. at 26.

**3.** While the United States cites *United States v. Lindia*, 82 F.3d 1154, 1160 (1st Cir.1996) in support of this proposition, the First Circuit recognized in *United States v. Eirby*, 262 F.3d 31, 36 –37 (1st Cir.2001) that "*Apprendi* requires some rethinking of [the *Lindia* ] approach." 262 F.3d at 36. *Lindia* was a 18 U.S.C. § 841(b)(1) drug weight case. In the wake of *Apprendi* the *Eirby* Panel recognized that "a finding of drug quantity which increases a defendant's sentence beyond the otherwise applicable statutory maximum must be proved to the jury beyond a reasonable doubt," *id*., and that, consequently, the *Lindia* "notion that the quantity determinations demanded by section 841(b)(1) are merely sentencing factors is no longer completely true," *id*. at 36–37.

U.S.C. § 1951(a). First Circuit precedent dictates that the Fifth Amendment Due Process Clause requires the application of only a preponderance of the evidence standard for facts underlying sentencing enhancements that do not result in a sentence that exceeds the statutory maximum for the crime of conviction. In *United States v. Eirby*, 262 F.3d 31 (1st Cir.2001), the First Circuit stated: "Still, *Apprendi* does not call for full abrogation of our prior practice. In particular, the *Apprendi* doctrine offers no advantage to a defendant who is sentenced to a term less than the otherwise applicable statutory maximum." 262 F.3d at 27. "[W]hen a defendant is sentenced to less than the default statutory maximum," the Panel declared, "*Apprendi* is irrelevant." *Id.* "In such circumstances, judicial determination of drug quantity under a preponderance-of-the-evidence standard remains a viable option." *Id.* The First Circuit recently reiterated this conclusion in *United States v. Piccolo*, 282 F.3d 41 (1st Cir.2002), addressing a challenge to a "leader or organizer" four-level enhancement. 282 F.3d at 43–44.

The tail wagging metaphor relied on by Nguyen stems from the Supreme Court's *McMillan* decision. Therein the Court rejected the defendant's argument that the Government should have to prove beyond a reasonable doubt that the defendant visibly possessed a firearm during the commission of the underlying offense before he could be subject to a mandatory minimum sentence of five years. 477 U.S. at 81–82, 84, 106 S.Ct. 2411. The tail wagging metaphor was contained in the following dicta:

> The statute gives no impression of having been tailored to permit the visible possession finding to be a tail which wags the dog of the substantive offense. Petitioners' claim that visible possession under the Pennsylvania statute is 'really' an element of the offenses for which they are being punished—that Pennsylvania has in effect defined a new set of

upgraded felonies—would have at least more superficial appeal if a finding of visible possession exposed them to greater or additional punishment.

*Id.* at 88, 106 S.Ct. 2411.

The Third Circuit in *Kikumura*, responding in part to the *McMillan* suggestion that the claim had "superficial appeal," did conclude that a clear-and-convincing standard was appropriate when a single sentencing departure, based on a finding of whether there was an intent to kill, resulted in an increase of the sentence from the base offense level of about thirty months to the upward departure of about thirty years. 918 F.2d at 1098–1102. The Third Circuit concluded that, given the extent of the departure before it, the clear and convincing standard was "implicit in the statutory requirement that a sentencing court 'find' certain considerations in order to justify a departure," *id.* at 1102 (quoting 18 U.S.C. § 3553(b)), but it reserved judgment on the question of whether the elevated standard was "implicit in the due process clause itself," *id.*

The First Circuit has at least twice remarked on the holding of the Third Circuit *Kikumura*, both times hesitating to embrace it. In *United States v. Lombard*, 102 F.3d 1 (1st Cir.1996) the Panel noted *Kikumura*'s elevated standard and stated that it was "premised on a reading of the guidelines informed by due process concerns and has been much discussed but generally not followed." 102 F.3d at 4. In *Lindia* the First Circuit declined to express an opinion on *Kikumura*, distinguishing its case from the enhancement involved in *Kikumura*. 82 F.3d at 1161 n. 6. *See* footnote 3 for a discussion of the viability of *Lindia*. Other circuits have gone to greater lengths in distancing their cases from *Kikumura*. *See, e.g., United States v. Cordoba–Murgas*, 233 F.3d 704,

98

709 (2d Cir.2000); *United States v. Rodriguez,* 67 F.3d 1312, 1322–23 (7th Cir.1995).

Though he does not frame it as such, Nguyen's argument concerning a clear and convincing evidence standard at sentencing does pull on the same due process theme that animated *Apprendi.* This is not a promising association for Nguyen for two reasons. First, to the extent that Nguyen could rely on *Apprendi* principals to advance his case the First Circuit rejected Nguyen's *Apprendi* challenge to his indictment on direct appeal. It stated:

> Nguyen argues that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the facts underlying a potential sentencing enhancement should have been pled in the indictment. We decline to rule on whether *Apprendi* requires such facts to be pled in the indictment, for *Apprendi* does not apply here in any event, as Nguyen's sentence did not exceed the 20–year statutory maximum.

*United States v. Nguyen,* 246 F.3d 52, 56 (1st Cir.2001). The same reasoning applies to the challenged sentence enhancements: Nguyen's ultimate sentence did not exceed 18 U.S.C. § 1951(a)'s twenty-year statutory maximum.

Second, to the extent that Nguyen seeks to distinguish his due process argument from the due process theory of *Apprendi,* I note that in *McMillan* the Supreme Court expressly rejected an argument that if the enhancement was not treated as an element of the crime to be proven beyond a reasonable doubt (ala *Apprendi* ) it should at least be proven by clear and convincing evidence. The *McMillan* Court stated:

> Having concluded that States may treat "visible possession of a firearm" as a sentencing consideration rather than an element of a particular offense, we now turn to petitioners' subsidiary claim that due process nonetheless requires that visible possession be proved by at least clear and convincing evidence. Like the court below, we have little difficulty concluding that in this case the preponderance standard satisfies due process. Indeed, it would be extraordinary if the Due Process Clause as understood in *Patterson [v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) ] plainly sanctioned Pennsylvania's scheme, while the same Clause explained in some other line of less clearly relevant cases imposed more stringent requirements. There is, after all, only one Due Process Clause in the Fourteenth Amendment. Furthermore, petitioners do not and could not claim that a sentencing court may never rely on a particular fact in passing sentence without finding that fact by "clear and convincing evidence." Sentencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all. *See Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Pennsylvania has deemed a particular fact relevant and prescribed a particular burden of proof. We see nothing in Pennsylvania's scheme that would warrant constitutionalizing burdens of proof at sentencing.

477 U.S. at 91–92, 106 S.Ct. 2411.

Based upon my reading of the above precedents I conclude that Nguyen's first ground has no merit regardless of whether it was defaulted and because of this lack of merit it cannot support a conclusion that Nguyen was prejudiced by his attorneys' failure to pursue the challenge in prior proceedings.

### Conclusion

Based upon the foregoing, I recommend that the court **DENY** Nguyen's 18 U.S.C. § 2255 petition as neither of his two grounds has merit.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 4, 2002.