Lehrman v. United States                    CV-02-323-M    10/29/02
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Norman Lehrman,
      Petitioner

      v.                                    Civil No. 02-323-M
                                            Opinion No. 2002 DNH 193
United States of America,
      Respondent


                          **O R D E R**


      Petitioner, Norman Lehrman, seeks post-conviction relief

under the provisions of 28 U.S.C. § 2255.  Lehrman was convicted

by a jury of one count of conspiracy to commit mail fraud, two

counts of making false statements to an agency of the United

States, and twenty-two counts of mail fraud, in connection with a

scheme designed to defraud the Medicare program.  His convictions

were affirmed on appeal.  See United States v. Lehrman, No. 00-

1855, slip op. (December 21, 2001).

      In his petition, Lehrman generally raises the same issues

raised earlier in his direct appeal – e.g., challenging the

applicability of enhancements used in calculating his sentencing

range under the United States Sentencing Guidelines, and

suggesting that Guideline sentencing factors somehow constitute

additional crimes, that must be charged in an indictment. He also claims that his defense counsel provided constitutionally deficient representation when he failed to recognize either the inapplicability of various Guideline sentencing factors, or, failed to argue that absent an indictment charging those factors as "offenses," no enhancements were legally permissible.

Petitioner is wrong on all aspects of his petition. His sentence was properly calculated under the Guidelines, and did not exceed the statutory maximum sentence applicable to his crimes of conviction. Id. Secondly, applicability of Guideline sentencing factors (e.g., "Role in the Offense") are properly determined by the sentencing judge, by a preponderance of the evidence, and not by a jury, beyond a reasonable doubt. See United States v. Caba, 241 F.3d 98 (1st Cir. 2001). Defense counsel did not provide constitutionally deficient legal representation by failing to argue what are meritless legal points.

Because the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the petition is denied and the case dismissed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 29, 2002

cc:  Norman P. Lehrman
     Peter E. Papps, Esq.

3